659 So.2d 1314 (1995)
Ralph Z. NAVA, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1662.
District Court of Appeal of Florida, Fourth District.
September 6, 1995.
Ralph Z. Nava, Bowling Green, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We reverse an order denying Appellant's motion for post-conviction relief under rule 3.850, Florida Rules of Criminal Procedure. No evidentiary hearing was conducted, nor did the court attach record excerpts to its order, on Appellant's claim of ineffective assistance of counsel. The motion alleges trial counsel's failure to comply with discovery rules resulting in key defense witnesses being barred from testifying and a failure to preserve that issue for review in the direct appeal. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); Davis v. State, 648 So.2d 1249, 1250 (Fla. 4th DCA 1995); Shelton v. State, 631 So.2d 370 (Fla. 4th DCA 1994).
We reject the state's assertion that the motion was not properly sworn. The record reflects that the motion itself was properly sworn to and that some additional matters referred to in an accompanying memorandum, sworn to only as to the best of Appellant's knowledge, were incorporated by reference into the properly sworn motion. See Randall v. State, 555 So.2d 417 (Fla. 4th DCA 1989), rev. denied, 564 So.2d 1087 (Fla. 1990). Even if the facts in the memorandum are deemed not sworn, Appellant sought leave before the trial court to amend, which should have been freely granted. E.g., Anderson v. State, 627 So.2d 1170, 1171 (Fla. 1993); Scott v. State, 464 So.2d 1171, 1172 (Fla. 1985).
Although not addressed by the state on appeal, we note that the state's contention in the trial court that the motion was untimely is incorrect. The 3.850 motion was filed within two years of the termination, by denial of a petition for writ of certiorari in the supreme court, of Appellant's plenary appeal. See Huff v. State, 569 So.2d 1247, 1250 (Fla. 1990).
STONE, POLEN and PARIENTE, JJ., concur.