ALTENBERND, Judge.
Edwin H. Beaty, a/k/a Edwin Beatty, appeals an order denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm because his motion was not filed within two years of this court’s mandate in his direct appeal and does not allege a basis to extend the two-year period contained in rule 8.850(b). Mr. Beaty’s direct appeal was affirmed per curiam without a written opinion. We hold that a judgment and sentence become final for purposes of rule 3.850 when our mandate issues in a direct appeal in which the judgment and sentence are affirmed without a written opinion. Mr. Beaty was convicted of first-degree murder and received a life sentence. He appealed that judgment and sentence to this court in August 1990. On June 2, 1993, this court affirmed. Our mandate issued on June 22, 1993. Instead of filing a motion for postcon-vietion relief at that time, Mr. Beaty alleges that he filed “for review by certiorari” in the Florida Supreme Court. That court allegedly denied review on September 10, 1993.[1]
Mr. Beaty served his motion for post-conviction relief on July 25, 1995. The trial court denied the motion on the ground that it was untimely. We conclude that the trial court correctly measured the two-year period from the issuance of our mandate, and not from the supreme court’s alleged denial of review.
In Nava v. State, 659 So.2d 1314 (Fla. 4th DCA 1995), the Fourth District held that a prisoner could file a motion pursuant to rule 3.850 “within two years of the termination, by denial of a petition for writ of certiorari in the supreme court, of Appellant’s plenary appeal.” We have been unable to locate a written opinion by the Fourth District in Mr. Nava’s direct appeal. Thus, we presume that the Fourth District affirmed the direct appeal without a written opinion. In reaching its decision, the Fourth District relied upon the following statement from Huff v. State, 569 So.2d 1247, 1250 (Fla.1990): “If a writ of certiorari is filed in the United States Supreme Court, the two-year period does not begin to run until the writ is finally determined.” The facts in Huff, however, reveal that it was a capital ease. The United States Supreme Court had jurisdiction to review the written opinion in that death penalty case.
We are not convinced that the rule in Huff should apply in this case. Although Mr. Beaty could file papers in the Florida Supreme Court, the constitution gives that court no appeal jurisdiction or discretionary jurisdiction to review this court’s per curiam affirmance of Mr. Beaty’s judgment and sentence because it was rendered without a written opinion. See Art. V, § 3(b), Fla. Const.; Fla. R.App. P. 9.030(a); Jenkins v. State, 385 So.2d 1356 (Fla.1980). No pleadings he may have filed in the Florida Supreme Court divested the trial court of its jurisdiction to review a motion pursuant to rule 3.850. We see no reason to pretend that his judgment and sentence did not become final because of his frivolous pleadings in the supreme court. Assuming that Nava involved an affirmance without written opinion, its holding encourages prisoners to file inappropriate and futile pleadings in the Florida Supreme Court.[2]
We distinguish cases in which prisoners have timely sought supreme court review of district court decisions affirming a judgment and sentence by a written opinion. See State v. Meneses, 392 So.2d 905 (Fla.1981); Brown v. State, 617 So.2d 1105 (Fla. 1st DCA 1993). See also Ward v. Dugger, 508 So.2d 778 (Fla. 1st DCA 1987). When a district court issues *208 a written opinion, there is a possibility that the supreme court will take jurisdiction over the case. The fact that the two-year time limitation for the filing of a rule 3.850 motion runs from the supreme court’s denial of review in cases in which it has the constitutional power of review is no reason to extend the time in cases in which it has no jurisdiction to review the judgment and sentence. The argument in Justice England’s dissent in Meneses, which convinced two other justices in a case involving a written opinion, appears to be more persuasive in a case of per cu-riam, affirmance without a written opinion. 392 So.2d at 907 (England, J., dissenting).
Affirmed.
RYDER, A.C.J., and LAZZARA, J., concur.

. This court has no record establishing that Mr. Beaty filed a notice to invoke the discretionary jurisdiction of the supreme court pursuant to Florida Rule of Appellate Procedure 9.120. Because he alleges under oath that he sought cer-tiorari review directly in the supreme court, we assume that he made such an attempt. Our analysis would not change if he had filed in this court a notice to invoke the supreme court’s jurisdiction in a futile effort to seek review of our unwritten opinion.

. We decline to certify conflict with Nava v. State, 659 So.2d 1314 (Fla. 4th DCA 1995), in this case because we are not certain that it involved a per curiam affirmance without a written opinion.