701 So.2d 856 (1997)
Edwin H. BEATY, Petitioner,
v.
STATE of Florida, Respondent.
No. 89356.
Supreme Court of Florida.
October 9, 1997.
Rehearing Denied November 24, 1997.
Edwin H. Beaty, Punta Gorda, Petitioner, pro se.
Robert A. Butterworth, Attorney General; Robert J. Krauss, Senior Assistant Attorney General, Chief of Criminal Law and Katherine V. Blanco, Assistant Attorney General, Tampa, for Respondent.
GRIMES, Justice.
We review Beaty v. State, 684 So.2d 206 (Fla. 2d DCA 1996), because of its direct conflict with Nava v. State, 659 So.2d 1314 (Fla. 4th DCA 1995). We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
Beaty was convicted of first-degree murder and sentenced to life imprisonment. On June 2, 1993, the Second District Court of Appeal issued a per curiam decision without opinion affirming Beaty's conviction and sentence. The mandate issued on June 22, 1993. Beaty filed a pro se letter with this Court on July 19, 1993, requesting that his case be accepted for review. His request was denied on September 10, 1993, by letter informing Beaty that this Court was unable to grant review of per curiam decisions without opinion.
On July 25, 1995, Beaty filed a motion for postconviction relief. The trial court denied the motion on the basis that it was filed more than two years after the judgment and sentence *857 became final. Fla. R.Crim. P. 3.850(b). On appeal from the denial of the motion for postconviction relief, the court below affirmed. The court concluded that because Beaty's plenary appeal had been affirmed without written opinion, the two-year period had been properly measured from the issuance of its mandate rather than this Court's denial of review. However, the court referred to Nava v. State in which the Fourth District Court of Appeal had held that a prisoner could file a motion pursuant to rule 3.850 "within two years of determination, by denial of a petition for writ of certiorari in the supreme court of Appellant's plenary appeal." Because the court below was unable to locate a written opinion in Nava's direct appeal, the court recognized the likelihood of conflict with Nava.
In support of his argument that his motion for postconviction relief was timely filed, Beaty points to this Court's opinion in Huff v. State, 569 So.2d 1247, 1250 (Fla.1990). In Huff, we held that "in cases where no writ of certiorari is filed with the United States Supreme Court the two-year period for filing a motion pursuant to rule 3.850 commences when this Court issues [its] mandate." Thus, Beaty argues that the two-year period in his case did not begin to run until we denied his request for review on September 10, 1993. Of course, Huff was a death penalty case in which an opinion had been written. Our rationale in Huff is inapplicable to the instant case because no opinion was written in Beaty's plenary appeal.
In Florida Star v. B.J.F., 530 So.2d 286 (Fla.1988), this Court held that it has subject-matter jurisdiction to review any decision of a district court of appeal that expressly addresses a question of law within the four corners of the opinion itself even if we ultimately deny the petition for discretionary review. Thus, in that case, the timely filing of a petition to review the decision of the district court of appeal that was determined by a written opinion tolled the time for the filing of petition for certiorari with the United States Supreme Court until we denied the petition. However, in footnote 3 of that opinion, we stated:
This court does not, however, have subject-matter jurisdiction over a district court opinion that fails to expressly address a question of law, such as opinions issued without opinion or citation. Thus, a district court decision rendered without opinion or citation constitutes a decision from the highest state court empowered to hear the cause, and appeal may be taken directly to the United States Supreme Court. Moreover, there can be no actual conflict discernible in an opinion containing only a citation to other case law unless one of the cases cited as controlling authority is pending before this Court, or has been reversed on appeal or review, or receded from by this Court, or unless the citation explicitly notes a contrary holding of another district court or of this Court. See Jollie v. State, 405 So.2d 418, 420 (Fla. 1981).
Florida Star, 530 So.2d at 288 n. 3.
Therefore, regardless of the effect of Beaty's letter to this Court [1] or the timeliness thereof,[2] this Court did not have subject matter jurisdiction to entertain his petition for review. Consequently, the district court of appeal's opinion became final when no petition for rehearing was filed within fifteen days, and the two-year period for filing a motion for postconviction relief began to run upon the issuance of that court's mandate. We agree with the court below that the trial court properly denied Beaty's motion for postconviction relief on the basis that it was untimely filed.
*858 We disapprove the opinion in Nava only to the extent that it could be read to apply to decisions of district courts of appeal rendered without opinion. We approve the decision of the court below.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] This Court typically treats pro se letters requesting review of a district court's decision as if they were properly filed in the form of a notice to invoke discretionary review. Although Beaty's request was disposed of by a letter from the clerk of the court, currently such a request would be docketed and assigned a case number, and in the case of a request for review of a district court's per curiam decision without opinion, the clerk's office would issue an order dismissing the case for lack of jurisdiction.
[2] Pursuant to Florida Rule of Appellate Procedure 9.120(b), a motion to invoke discretionary review must be filed within 30 days of rendition of the order to be reviewed. Beaty did not file his letter requesting review until 47 days after the court below rendered its opinion.