COBB, J.
The appellant, Omar Witt, was convicted of aggravated child abuse for punching a sixteen year old boy, Mark Thornton, in the head with his fist, the blow and ensuing fall on a concrete parking stop resulting in Thornton’s death.
On appeal Witt contends that the trial court erred in rejecting his argument and requested jury instruction to the effect that an element of the offense for which he was convicted pursuant to section 827.03(2)(c), Florida Statutes (1997), is a defendant’s knowledge of the age of the victim at the time of the abuse. There was no evidence adduced at trial that Witt, who was a 20 year old adult at the time, knew the age of Thornton.
Section 827.03(2)(c) provides:
(2) “Aggravated child abuse” occurs when a person:
(a) Commits aggravated battery on a child;
*947 (b) Willfully tortures, maliciously punishes, or -willfully and unlawfully .cages a child; or
(c) Knmuingly or willfully abuses a child and in so doing causes great bodily harm, permanent disability, or permanent disfigurement to the child.
Witt argues that the words “knowingly or willfully” in subsection (c) refer to the age of the child as well as to the fact of abuse. The state, on the other hand, argues that the plain language of the statute only requires that the abuse be committed knowingly or willfully.
We agree with the state. The statute would be nonsensical if it required knowledge of the child’s age in respect to abuse of a child, but not in respect to aggravated battery or torture and caging of a child, in order to constitute the offense of aggravated child abuse. The word “knowingly” is used in subsection (c) of the statute to insure that the abuse referred to in that subsection is knowing and not merely negligent. Such clarifying language is not necessary in subsection (a,) because aggravated battery (as opposed to abuse) is, by definition, a crime requiring mens rea or intent.
We also observe that in Grady v. State, 701 So.2d 1181 (Fla. 5th DCA 1997), rev. denied, 717 So.2d 531 (Fla.1998), this court held that knowledge of the age of the victim in a prosecution under section 796.03, Florida Statutes (1995) — procuring a person under the age of 18 for prostitution — was not an element of the crime. Grady argued that it must be shown that he knew the person was under 18. After recognizing that generally a crime must include a specific intent element, this court stated:
[0]ur legislature and courts recognize an exception to the specific intent requirement where the state has a compelling interest in protecting underage persons from being sexually abused or exploited. Stated differently, crimes against children fall “within the category of crimes in which, on grounds of public policy, certain acts are made punishable without proof that the defendant understands the facts that give character to his act ... and proof of an intent is not indispensable to conviction.”
Id. at 1181. This court then held that section 796.03 “falls within this category of crimes where the state has a compelling interest in protecting underage persons from being sexually abused or exploited. Accordingly, appellant’s ignorance of the age of the victim is not a defense.” Id. at 1182.
It would be strange indeed to say that the state hás a compelling interest in protecting underage persons from sexual exploitation but not in protecting them from the infliction of death or permanent disability or disfigurement. A contrary view can only be characterized as quaintly Victorian.[1]
AFFIRMED.
SHARP, W.J., concurs.
GRIFFIN, J., dissents with opinion.

. Another policy consideration at play in the instant case is the fact that Witt, an adult, came on school premises, where t Thornton was a student, to commit his fatal attack. Common sense suggests a policy that students at our .public schools should not be molested on school premises by non-student aggressors.