PER CURIAM.
Mark Jack Maxwell appeals his judgment and sentence for felony driving under the influence; felony driving while license suspended, revoked, or canceled; and driving under the influence resulting in property damage or personal injury pursuant to sections 316.193(l)(a) & (2)(b); 316.193(1), (3)(a) & (b); and 322.34(2), Florida Statutes (1999). He complains that the trial court forced him to proceed to a jury trial without benefit of counsel. We disagree.
The chronology of events follows:
October 27,1999 — Maxwell was arrested and charged by citation.
February 25, 2000 — An Information was filed for felony charges.
March 7, 2000 — Maxwell was arraigned at which time the public defender entered a plea of not guilty and announced that Maxwell wanted to hire private counsel.
April 12, 2000 — Maxwell appeared at his first pre-trial hearing and announced that he needed about 30 days to hire counsel. The court continued the matter until the month of June.
May 9, 2000 — Maxwell appeared for another pre-trial hearing and again stated that he was going to hire counsel that month. The court established a trial date of June 5, 2000.
June 5, 2000 — Maxwell appeared for trial without counsel and announced that he wanted to hire an attorney, but had made no arrangement for one to appear on his behalf. The court proceeded with trial and Maxwell picked a jury. The court then continued the trial to allow Maxwell to obtain counsel.
June 7, 2000 — Maxwell appeared with an attorney who was reluctant to enter an appearance because he did not participate in jury selection. The court offered to continue the case for 30 days if an attorney hired by Maxwell requested it — none did so. Maxwell represented himself and was found guilty by the jury-
Preliminarily, we note that Maxwell admitted at sentencing that he did not want a public defender appointed to defend him thereby implying that any offer to appoint one would have been futile. We also note the absence of any complaint by Maxwell below or on appeal that the services of a public defender was not offered to him.
The practical problem faced by the trial judge in the instant case is the responsibility to protect the Constitutional Sixth Amendment right to have assistance of counsel of choice when that responsibility is being frustrated by the accused. Maxwell’s desire to have private counsel was made clear to the trial court; it was made equally clear by Maxwell that the public defender was not an option. The court delayed the proceedings in order to give Maxwell opportunities to retain private counsel, but Maxwell did not take advantage of those opportunities.
Continuances are granted within the discretion of the court. Rule 3.190(g) of the Florida Rules of Criminal Procedure prescribes the manner in which motions for continuances are to be made. Maxwell did not follow the procedures and gave no indication to the court during his appearances that he exercised diligence in obtaining counsel. Although another judge may have been more tolerant of Maxwell’s refusal to accept the services of a public defender and his less than diligent effort to secure private counsel, reversal is not warranted when the trial court viewed Maxwell’s failure to obtain counsel as intentional delays and an abuse of the system.
*1232 We do note, however, that Maxwell could have accepted the services of a public defender while attempting to secure private counsel and that the decision to administer the oath to the jury by the judge presiding over the jury selection gave the judge presiding over the trial no leeway to grant much of a continuance after jeopardy attached.
The judgment and sentences are affirmed.
AFFIRMED.
HARRIS, PETERSON and ORFINGER, R.B., JJ., concur.