821 So.2d 1271 (2002)
Lennard JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2032.
District Court of Appeal of Florida, Fifth District.
August 2, 2002.
Lennard Jenkins, Orlando, Pro Se.
No Appearance for Appellee.
ORFINGER, R.B., J.
Lennard Jenkins appeals the dismissal of his motion for postconviction relief filed pursuant to Florida Rule Criminal Procedure 3.850. The trial court concluded that Jenkins failed to file his motion within two years after his judgment became final as required by Florida Rule Criminal Procedure 3.850(b). We reverse.
After Jenkins was convicted of various felonies, he appealed to this court. We affirmed his convictions. See Jenkins v. State, 747 So.2d 997 (Fla. 5th DCA 1999). Jenkins then sought, and obtained, review in the supreme court. Subsequently, the supreme court concluded that review had been improvidently granted and dismissed the matter. See Jenkins v. State, 781 So.2d 1083, 1084 (Fla.2001).
Jenkins filed his motion for postconviction relief more than two years after this court affirmed his conviction, but less than two years after the supreme court dismissed his petition for review. A 3.850 motion is timely if filed within two years of when the supreme court denies discretionary review of a direct appeal. See Nava v. State, 659 So.2d 1314 (Fla. 4th DCA 1995), holding limited by Beaty v. State, 701 So.2d 856 (Fla.1997) (rule's two-year limitation period is not tolled by seeking review of a per curiam affirmance in the supreme court).
Accordingly, we reverse the trial judge's summary dismissal of Jenkins's claim and remand for further proceedings consistent herewith.
REVERSED AND REMANDED.
THOMPSON, C.J. and HARRIS, J., concur.