845 So.2d 273 (2003)
Gary PERKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-278.
District Court of Appeal of Florida, Second District.
May 14, 2003.
*274 NORTHCUTT, Judge.
Gary Perkins challenges the circuit court's order partially dismissing and partially denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 and to correct illegal sentences under rule 3.800(a). We reverse in part.
In August 1998, Perkins was charged with two counts of armed burglary, one count of burglary, and one count of possessing burglary tools. He and the State reached a plea agreement under which the State reduced the armed burglary charges to burglaries. Perkins pleaded guilty to all counts, reserving his right to appeal the denial of his challenge to the Prison Releasee Reoffender Act on constitutional grounds. In accordance with the agreement, Perkins was sentenced to fifteen years' imprisonment as a prison releasee reoffender and as a habitual felony offender on the three burglary counts and to ten years' imprisonment as a habitual felony offender on the possession of burglary tools count, all concurrent.
In December 1999, this court affirmed Perkins's convictions without an opinion. Therefore, the Southern Second Reporter reported the decision in a table captioned "Florida Decisions Without Published Opinions." Perkins v. State, 748 So.2d 274 (Fla. 2d DCA 1999) (Table). In fact, our decision was in the form of a "citation PCA," that is, we issued a per curiam affirmance citing our November 1999 decision in Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999), in which we had determined that the PRR Act was constitutional. In December 1999 the appellant in Grant filed a notice to invoke the Florida Supreme Court's discretionary review jurisdiction. Perkins, too, sought review in the supreme court. We issued our mandate in his case on January 21, 2000.
In April 2000 the supreme court granted review in Grant, Grant v. State, 761 So.2d 329 (Fla.2000) (Table), and in November 2000 it approved our decision in that case to the extent it held that the PRR Act was constitutional. Grant v. State, 770 So.2d 655 (Fla.2000). The supreme court later declined to accept jurisdiction in Perkins's case, by order dated March 25, 2002. On October 10, 2002, Perkins filed the motion at issue here.
The circuit court dismissed the motion insofar as it sought relief under rule 3.850, observing that it was untimely because Perkins filed the motion more than two years after this court issued its mandate on January 21, 2000. We disagree. Motions under rule 3.850 must be filed within two years "after the judgment and sentence become final in a noncapital case[.]" Fla. R.Crim. P. 3.850(b). If the judgment or sentence are appealed, they become final for these purposes upon issuance of a mandate by the district court of appeal. Beaty v. State, 701 So.2d 856 (Fla. 1997). However, if the supreme court has jurisdiction to review the district court's decision and the defendant seeks review in that court, the judgment and sentence become final upon the conclusion of proceedings in the supreme court. Huff v. State, 569 So.2d 1247 (Fla.1990); Beaty, 701 So.2d 856.
The supreme court generally does not have jurisdiction to review decisions issued without opinions. But it may review a "citation PCA" if the citation is to a decision that either is pending review in or has been reversed by the supreme court. Jollie v. State, 405 So.2d 418 (Fla.1981). Perkins sought review in the supreme court based on our citation to Grant, which was pending review in that court. Therefore, the supreme court had jurisdiction to entertain Perkins's petition for review, and *275 his judgment and sentence did not become final for purposes of rule 3.850 until the supreme court declined to review his case on March 25, 2002. For this reason, Perkins's October 10, 2002, request for relief under rule 3.850 was timely. We reverse the dismissal of Perkins's 3.850 claims. On remand, the circuit court shall consider these claims on the merits, i.e., it shall determine whether they are facially sufficient and proceed accordingly.
In his motion Perkins also maintained that his PRR sentences on the burglary counts were illegal because the PRR Act does not apply to burglaries of unoccupied dwellings. State v. Huggins, 802 So.2d 276 (Fla.2001). On this point the circuit court examined the record and determined that, indeed, it reflected only that the residence involved in count three was occupied at the time of the burglary. Announcing its intention to strike the PRR sentences from counts one and two, the court offered the State an opportunity to withdraw from the plea agreement. The State declined in light of the fact that the PRR designation remained as to count three. Therefore, the court granted Perkins's motion in part by striking the PRR sentences imposed in counts one and two and denied the motion otherwise.
Perkins contends the circuit court erred by looking beyond the information to determine whether the burglary charged in count three was of an occupied dwelling. To the contrary, the court properly followed the procedure we outlined in Caddo v. State, 806 So.2d 520 (Fla. 2d DCA 2001). Accordingly, we affirm on this point.
It has not escaped our notice that the sentence for count three is contrary to the supreme court's holding that equal concurrent HFO and PRR sentences may not be imposed for the same offense. Grant, 770 So.2d at 659. Our decision is without prejudice to Perkins's right to raise this question by filing a proper motion in the circuit court.
Affirmed in part, reversed in part, and remanded with directions.
WHATLEY and SALCINES, JJ., concur.