MONACO, J.
The appellant, Omar Sharif Witt, appeals the summary denial of his rule 3.850 motion based on the trial court’s determination that the motion was not timely filed. We conclude, however, that the motion was timely, and that Mr. Witt is entitled to a substantive consideration of his motion.
When Mr. Witt appealed his conviction of a number of felony offenses, this court issued a written opinion affirming the judgment and sentence. See Witt v. State, 780 So.2d 946 (Fla. 5th DCA), review denied, 799 So.2d 220 (Fla.2001). The trial court observed that the mandate that issued from this court was dated April 21, 2001, and that Mr. Witt did not file his rule 3.850 motion until July 21, 2003. The lower court, noting that more than two years had passed, denied the motion for failure to file within the limitation period articulated in rule 3.850(b). It appears, however, that Mr. Witt timely sought review of our decision in the Supreme Court, and that review was not denied by the high court until October 23, 2001. Nevertheless, the trial court declined to consider Mr. Witt’s motion on the merits.
Motions pursuant to rule 3.850 must be filed within two years “after the judgment and sentence become final in a noncapital case.” Fla.R.Crim.P. 3.850(b). If the movant appeals the judgment and sentence, they become final upon issuance of a mandate by a district court of appeal. See Beaty v. State, 701 So.2d 856 (Fla.1997). If, however, the Supreme Court has jurisdiction to review the decision of the district court of appeal, and if the movant seeks further review before that body, then finality is not reached until proceedings are concluded in the Supreme Court. See Perkins v. State, 845 So.2d 273 (Fla. 2d DCA 2003); cf., Huff v. State, 569 So.2d 1247 (Fla.1990).
Accordingly, in Jenkins v. State, 821 So.2d 1271 (Fla. 5th DCA 2002), we held that it was error to dismiss a 3.850 motion as untimely when it was filed within two years of a determination by the Supreme Court not to review a case in which it could exercise jurisdiction. See also Cargle v. State, 800 So.2d 698 (Fla. 1st DCA 2001). Compare Beaty (when a direct appeal is affirmed per curiam without opinion, the Supreme Court lacks jurisdiction to review, and a rule 3.850 motion must, therefore, be filed within two years of the mandate of the district court of appeal). It appears, therefore, that Mr. Witt’s 3.850 motion was timely, and that he is entitled to a substantive review of the motion. The State agrees.
We, therefore, reverse the dismissal and remand for consideration of the motion on the merits.
REVERSED and REMANDED.
ORFINGER and TORPY, JJ., concur.