PLEUS, J.
The defendant appeals the dismissal of his 3.850 motion for post-conviction relief. The trial court found it to be untimely. The defendant was convicted of a felony driving offense and was sentenced to ten years. The defendant’s judgment and sentence were affirmed by written opinion on August 17, 2001. See Maxwell v. State, 791 So.2d 1230 (Fla. 5th DCA 2001). The mandate issued on September 6, 2001. The defendant then sought review in the Florida Supreme Court. The supreme court denied review on March 22, 2002. Maxwell v. State, 817 So.2d 848 (Fla.2002). *153 The defendant served his post-conviction motion on March 9, 2004.
As the district court of appeal issued a written opinion in the defendant’s case, his judgment and sentence did not become final until the proceedings in the supreme court were concluded. In Witt v. State, 861 So.2d 1292 (Fla. 5th DCA 2004), we held that if the supreme court has jurisdiction to review a district court decision, the two-year period under Rule 3.850 does not begin to run until the proceedings in the supreme court have concluded. See also Perkins v. State, 845 So.2d 273 (Fla. 2d DCA 2003). Cf. Beaty v. State, 701 So.2d 856 (Fla.1997), for the proposition that when a per curiam affirmance is issued, the two-year limitation period begins to run from the date the district court of appeal issues its mandate. As the defendant’s 3.850 motion was timely filed within two years of the final order issued by the supreme court, the trial court improperly dismissed the 3.850 motion as untimely. The order is reversed and the case is remanded to the trial court to consider the 3.850 motion.
REVERSED AND REMANDED.
PALMER and TORPY, JJ., concur.