989 So.2d 4 (2008)
David K. HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-1448.
District Court of Appeal of Florida, Second District.
February 13, 2008.
Rehearing Denied May 9, 2008.
*5 STRINGER, Judge.
David Harris appeals the postconviction court's summary denial of his motion requesting leave to file a belated motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850(b)(3). Because Mr. Harris has previously filed a timely rule 3.850 motion, we affirm the postconviction court's order.
In 1996, Mr. Harris was found guilty by a jury of robbery with a deadly weapon and was sentenced to life in prison with a fifteen-year mandatory minimum as a habitual violent felony offender. Mr. Harris appealed, and this court affirmed his judgment and sentence. Because the mandate issued on May 30, 1997, Mr. Harris had two years from that date to timely file a rule 3.850 motion. See Fla. R.Crim. P. 3.850(b); Beaty v. State, 701 So.2d 856 (Fla. 1997).
On March 5, 1999, Mr. Harris timely filed the first of two pro se postconviction motions. The trial court summarily denied the motion, and this court affirmed. Mr. Harris filed a second, untimely pro se rule 3.850 motion on September 9, 1999, alleging newly discovered evidence. The trial court's summary denial of this motion was also affirmed by this court.
Mr. Harris commenced the current proceedings by petitioning the postconviction court for permission to file a belated rule 3.850 motion, asserting that he had asked his counsel to file a postconviction motion on his behalf but his counsel failed to do so. He claimed that he should be granted an opportunity to file a third rule 3.850 motion because he discovered errors that his attorney had described as "of a magnitude to require a new trial." Allegedly, when he realized that his attorney was not going to file a timely rule 3.850 motion, he filed his pro se motion within two years of the mandate to exhaust his remedies.
Mr. Harris incorrectly asserts that because his counsel did not file a timely rule 3.850 motion as requested, his due process rights were violated and he is entitled to file another motion. A defendant has no absolute right to counsel in filing a rule 3.850 motion. Rather, all that due process requires is that the defendantacting either pro se or through counselbe provided meaningful access to the judicial system. See Kokal v. State, 901 So.2d 766, 778 (Fla.2005) (citing State ex rel. Butterworth v. Kenny, 714 So.2d 404, 408 (Fla.1998)). By timely filing his pro se postconviction motion, Mr. Harris received all the due process to which he was entitled. See Franklin v. State, 917 So.2d 303 (Fla. 3d DCA 2005).
We recognize that when a defendant claims that his attorney failed to file a timely rule 3.850 motion as requested and that he was therefore precluded from exercising his right to collaterally attack his conviction under rule 3.850, the postconviction court would be required to grant a hearing to assess the truth of the defendant's representations. See Steele v. Kehoe, 747 So.2d 931, 934 (Fla.1999). The defendant's remedy upon a finding of counsel's negligence would be the filing of a rule 3.850 motion beyond the two-year time limit. Id. However, the same allegation from a defendant who has timely filed a postconviction motion will not trigger the defendant's right to a Steele hearing because the defendant will not be able to demonstrate that his or her due process rights were damaged as a consequence of counsel's neglect.
Accordingly, we affirm the denial of Mr. Harris's postconviction motion.
SALCINES and CANADY, JJ., Concur.