DAVIS, Judge.
Cynthia McKinney challenges the post-conviction court’s order denying in part and dismissing in part her motion filed pursuant to Florida Rule of Criminal Procedure 3.850. McKinney filed the motion more than two years after her convictions and sentences became final. The postcon-viction court dismissed the rule 3.850 claims as untimely and treated part of one claim as a motion to correct illegal sentence pursuant to rule 3.800(a). The court, however, failed to address McKinney’s attempt to allege an exception to the two-year time limit for filing the motion. We therefore reverse the portion of the order dismissing McKinney’s rule 3.850 claims and remand for the postconviction court to make a factual determination regarding McKinney’s claim that she requested counsel to timely file a rule 3.850 motion and that counsel failed to do so. Regarding the single portion of one claim that was treated as a motion to correct illegal sentence, the postconviction court properly denied the claim and we affirm that portion of the order without further comment.
On February 22, 2007, McKinney pleaded no • contest to one count of second-degree murder and one count of attempted first-degree murder. The crimes occurred in 2001 when McKinney was a minor, and from that time throughout at least a portion of the extended period leading up to the entry of her plea, she apparently was not competent to proceed. In her postcon-viction motion, she alleged that after entry of her plea, she requested her counsel to file a direct appeal and that she continued to write him letters requesting postconviction motions. She also .alleged that counsel failed to contact her or file the motions. In November 2009, McKinney discovered that no appeal or postconviction motions had been filed on her behalf, and she submitted the instant, pro se motion on January 25, 2010.
The postconviction court concluded that because no rule 3.850 motion was filed *982 within the two-year time limit and because McKinney failed to allege an exception to that time limit under rule 3.850(b), the claims should be dismissed. However, McKinney’s claims that she wrote letters to her attorney asking him to file a post-conviction motion and that it was November 2009 before she discovered that counsel had failed to do so may be an exception to the two-year time limit. See Fla. R. Crim. P. 3.850(b)(3) (setting forth as an exception to the two-year time limit situations in which “defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion”). As such, McKinney’s claims merit further review by the postconviction court.
Furthermore, even if her allegations are merely taken as a motion to file a belated postconviction motion pursuant to rule 3.850(h),
when a defendant claims that his attorney failed to file a timely rule 3.850 motion as requested and that he was therefore precluded from exercising his right to collaterally attack his conviction under rule 3.850, the postconviction court would be required to grant a hearing to assess the truth of the defendant’s representations.
Harris v. State, 989 So.2d 4, 5 (Fla. 2d DCA 2008).
Accordingly, we reverse the order dismissing McKinney’s rule 3.850 motion as untimely and remand for the postconviction court to consider whether she has alleged an exception to the two-year time limit under rule 3.850(b)(3) or is entitled to a belated consideration of her claims pursuant to rule 3.850(h). We note that on remand the postconviction court must necessarily address the facial sufficiency of McKinney’s claim that she retained counsel to timely file a rule 3.850 motion but that he failed to do so. If the claim is deemed facially insufficient, McKinney should be given one opportunity to amend her motion if she is able to do so. See Spera v. State, 971 So.2d 754 (Fla.2007).
Affirmed in part, reversed in part, and remanded.
ALTENBERND and KHOUZAM, JJ., Concur.