KHOUZAM, Judge.
The postconviction court initially dismissed Robert George’s two motions filed pursuant to Florida Rule of Criminal Procedure 3.850 as facially insufficient, with leave to file amended motions. The court then dismissed most of George’s claims as untimely. We reverse for the postconviction court to enter an order denying the claims on the merits.
George filed two postconviction motions in December 2007, one in each of two circuit court case numbers. The court dismissed the motions as late on February 25, 2009, without prejudice to file properly sworn motions within sixty days. On March 16, 2009, George mailed from prison sworn motions identical in content to the two earlier motions. The two motions were somewhat overlapping, and the court correctly discerned a total of four claims. The court denied on the merits claim three, concerning trial counsel’s alleged misadvice not to testify at trial, and directed a response from the State on the remaining three claims. The State argued that the motions were untimely filed. The court agreed with the State and denied claims one, two, and three as untimely under rule 3.850. The court treated claim four, concerning habitual violent felony offender sentencing, under Florida Rule of Criminal Procedure 3.800(a) and granted it in part and denied it in part.
It appears that the State was unaware of the -versions of the postconviction motions filed in December 2007 and that the court, in denying three of the claims as untimely, had forgotten about the existence of these motions and its own orders allowing George sixty days to refile them under oath. The direct-appeal mandates in cases CF03-000053-XX and CF05-003286-XX issued on December 14, 2006, and November 13, 2006, respectively. As such, the motions as filed in December 2007 were timely. See Fla. R. Crim. P. 3.850(b); Beaty v. State, 701 So.2d 856, 857 (Fla.1997) (holding that the two-year period for filing a motion for postconviction relief begins to run upon issuance of the direct-appeal mandate). Additionally, the properly sworn versions of the motions were timely with respect to the court’s sixty-day directives of February 25, 2009. Therefore, the court should have reviewed all the claims on the merits.
We affirm the postconviction court’s resolution of claim four on the merits and agree with the court’s original denial of claim three on the merits. In ferreting out the procedural sequence described above, which required several rounds of supplementation of the record, we had the opportunity to read George’s remaining two claims. Although we should have reversed and remanded for the postconviction court to review claims one and two, we have concluded the claims are without merit. We therefore reverse with instructions to the postconviction court to vacate its “Final Order on Defendant’s Motion[s] for Postconviction Relief’ rendered on April 22, 2010, and to enter a final order that denies claims one and two on the merits and incorporates its ruling on claim *1207 four and its original denial of claim three. The order shall be entered within thirty days of the mandate and should reference the present opinion.
Reversed and remanded with instructions.
BLACK and CRENSHAW, JJ., Concur.