KELLY, Judge.
Bruce Pitzer filed his notice of appeal of an appellate decision of the circuit court within thirty days of the circuit court’s mandate but not within thirty days of the opinion for which he sought review. The circuit court’s opinion was filed on April 9, 2012. Mr. Pitzer did not file a motion for rehearing, and the mandate issued on May 9, 2012. Although Mr. Pitzer should have filed his notice of appeal by May 9, 2012, he did not do so until May 25, 2012. Upon receipt of the notice of appeal in this court, the clerk initiated a second-tier certiorari proceeding and directed Mr. Pitzer to show cause why it should not be dismissed as untimely, citing Miller v. State, 781 So.2d 1146 (Fla. 1st DCA 2001).
In his response Mr. Pitzer advances an argument with superficial appeal. He refers to Florida Rule of Appellate Procedure 9.030(b)(2), which reads in relevant part: “Certiorari Jurisdiction. The cer-tiorari jurisdiction of district courts of appeal may be sought to review ... (B) final orders of circuit courts acting in their review capacity.” He provides as well a copy of the circuit court appellate opinion that he challenges and points out that across the top it carries a banner that reads, “NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.”
Because he reads rule 9.030(b)(2) to confer jurisdiction on district courts only when a circuit court’s appellate decision becomes final, Mr. Pitzer argues that attempts to invoke the district court’s jurisdiction before the finality of the circuit court’s decision are premature and are properly instituted only after finality1 is announced by the issuance of the circuit court’s mandate. However, Mr. Pitzer’s argument does not adequately explain why this issue is not controlled by Florida Rule *1006 of Appellate Procedure 9.100(c)(1), which requires certiorari petitions to be commenced within thirty days of “rendition of the order to be reviewed.”
Mr. Pitzer’s confusion, we believe, stems from the use of the word “final,” which means quite different things when describing a circuit court order and an appellate proceeding. Rule 9.030(b)(1)(A) provides jurisdiction for district court review of “final orders of trial courts.” There is no question, especially when read in pari materia with rule 9.030(b)(1)(B), that this use of the word “final” is meant to distinguish final orders from those that are interlocutory or nonfinal in nature. Likewise, the word “final” in rule 9.030(b)(2)(B) describes orders entered by circuit courts in their review capacity that are not interlocutory.
As used to describe appellate proceedings, the word “final” refers to the status of the matter upon disposition of an appeal or original proceeding. For example, the time limitations for commencing postcon-viction proceedings pursuant to Florida Rule of Criminal Procedure 3.850 begin to run with the finality of the judgment and sentence, which is triggered when there has been a direct appeal by the issuance of the appellate court’s mandate. Beaty v. State, 701 So.2d 856, 857 (Fla.1997).
When the disposition of an appellate proceeding is issued, the disposition is “final” in that it signals the end of judicial labor, subject to the available postopinion motions permitted by Florida Rules of Appellate Procedure 9.330 and 9.331. The appellate opinion from the circuit court for Sarasota County was final the day it was issued, at least insofar as the word “final” is used in rule 9.030(b)(2)(B). The banner announcing that it was “not final” addressed a different issue, communicating that adjustments in the opinion might still be undertaken and admonishing litigants and attorneys that reliance on the opinion before it achieved finality might be ill-advised.
Mr. Pitzer’s notice of appeal was not submitted to the circuit court clerk within thirty days of the court’s appellate opinion, and because he filed no timely and authorized post-opinion motion, rendition was not tolled; nor did Mr. Pitzer timely invoke this court’s jurisdiction by submitting a certiorari petition to it within thirty days of the opinion. As such, his attempt to seek review was untimely.
This proceeding in certiorari is accordingly dismissed.
DAVIS and WALLACE, JJ., Concur.