DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTONIO ANTWAN SMITH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-1860

[January 20, 2016]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Dan L. Vaughn, Judge; L.T. Case No. 562006CF001725A.

Antonio Antwan Smith, Perry, pro se.

No appearance required for appellee.

PER CURIAM.

Antonio Smith appeals the summary denial of his rule 3.850 motion for post-conviction relief. The trial court denied the motion on the merits, after giving Smith several opportunities to amend his claims. We find that the trial court should have dismissed Smith's initial motion as untimely filed.

In 2008, Smith was convicted of leaving the scene of an accident with vehicular homicide and sentenced to twenty-five years in prison. This court affirmed the conviction and sentence on direct appeal. *Smith v. State*, 15 So. 3d 899 (Fla. 4th DCA 2009). The mandate issued on September 4, 2009. Smith subsequently filed a petition for all writs in the Florida Supreme Court, seeking to compel this court to rule on his untimely motion for rehearing. The supreme court treated Smith's petition as seeking a writ of mandamus and denied it.

Because Smith's petition in the Florida Supreme Court did not seek direct review of this court's decision, his conviction and sentence became final for the purpose of rule 3.850 when the mandate issued on September 4, 2009. *See Marrero v. State*, 967 So. 2d 934, 936 (Fla. 2d DCA 2007);

*Perkins v. State*, 845 So. 2d 273, 274 (Fla. 2d DCA 2003); *see also Jones v. State*, 922 So. 2d 1088, 1089–90 (Fla. 4th DCA 2006) (holding that a petition for belated appeal does not toll finality because it does not reach the merits of the appeal).

Smith's initial rule 3.850 motion was filed more than two years later, on November 15, 2011, and did not allege any of the exceptions provided in the rule. *See* Fla. R. Crim. P. 3.850(b). The trial court should have dismissed it as untimely filed. Accordingly, we affirm.

*Affirmed.*

STEVENSON, GROSS and TAYLOR, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**