IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOSHUA A MASTERS,

       Appellant,

 v.                              Case No.  5D16-1580

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed August 5, 2016

3.850 Appeal from the Circuit Court
for Putnam County,
Patti A. Christensen, Judge.

Joshua A. Masters, Wewahitchka, pro se.

No Appearance for Appellee.

PER CURIAM.

Joshua A. Masters appeals the order denying his rule 3.850 motion for postconviction relief, which the trial court denied as untimely. We reverse.

On January 13, 2012, Masters pled no contest to the charge of home invasion robbery with a deadly weapon. On February 7, 2012, the trial court sentenced him to twenty-five years in prison. Masters appealed and this Court affirmed. Masters v. State, 107 So. 3d 424 (Fla. 5th DCA 2013). The mandate issued on February 22, 2013.

In 2013, Masters filed his first rule 3.850 motion. However, before the trial court ruled on the motion, he sought to dismiss it, which the trial court granted without prejudice to file another rule 3.850 motion within the two-year time limit. Masters filed the current motion pursuant to the mailbox rule on January 5, 2015. The court denied the motion as untimely. This was incorrect as the motion was filed forty-eight days prior to the expiration of the two-year deadline. See Fla. R. Crim. P. 3.850(b); Beaty v. State, 701 So. 2d 856, 857 (Fla. 1997) (holding two-year period for filing rule 3.850 motion begins to run upon issuance of direct appeal mandate).

We reverse and remand for the trial court to consider Masters's rule 3.850 motion, timely filed pursuant to the mailbox rule on January 5, 2015, within two years of the February 22, 2013, direct appeal mandate.

REVERSED AND REMANDED.

LAWSON, C.J., ORFINGER and LAMBERT, JJ., concur.