# Third District Court of Appeal

## State of Florida

Opinion filed May 30, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-522
Lower Tribunal Nos. 14-3359 & 15-272
_____

## Chiropractic Clinics of South Florida, PL, a/a/o Juan Ogando,
Petitioner,

vs.

## The Responsive Auto Insurance Company,
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Appellate Division, Celeste Hardee Muir, Jacqueline Hogan Scola, and Bronwyn C. Miller, Judges.

George A. David, P.A., and George A. David, for petitioner.

Law Office of Carlos D. Cabrera, LLC, and Carlos D. Cabrera (Hollywood), for respondent.

Before FERNANDEZ, SCALES and LUCK, JJ.

*ON RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF CERTIORARI*

SCALES, J.

Petitioner Chiropractic Clinics of South Florida, PL, as assignee of Juan Ogando ("Chiropractic Clinics"), seeks second-tier certiorari review of an opinion rendered by the circuit court's appellate division on June 12, 2017. We lack jurisdiction to adjudicate Chiropractic Clinics's petition, and therefore dismiss it.

The appellate division's opinion affirming the county court's final summary judgment was rendered on June 12, 2017, and the clerk issued the mandate on July 25, 2017. Alleging that he did not receive the June 12, 2017 opinion of the appellate division until July 27, 2017, when advised of it by opposing counsel, Chiropractic Clinics's counsel filed a motion in the appellate division to strike the mandate on August 3, 2017.[1] Further, on August 21, 2017, Chiropractic Clinics filed a motion for rehearing directed toward the appellate division's June 12, 2017 opinion.

On September 5, 2017, the appellate division entered an unelaborated order denying Chiropractic Clinics's motion to strike the mandate. Several months later, on February 22, 2018, the appellate division entered another unelaborated order denying Chiropractic Clinics's rehearing motion. Chiropractic Clinics's petition to this Court was filed on March 20, 2018. The Responsive Auto Insurance Company

---

[1] While the rules of appellate procedure provide no mechanism to "strike" a mandate, Florida Rule of Appellate Procedure 9.340(a), promulgated pursuant to section 43.44 of the Florida Statutes, provides that an appellate court may recall its mandate within one hundred twenty days of its issuance. We assume the appellate division treated Chiropractic Clinics's motion to strike as one seeking to recall the appellate division's July 25, 2017 mandate.

("Responsive") responded by filing the instant motion to dismiss Chiropractic Clinics's petition.

Florida's district courts have certiorari jurisdiction to review final orders of circuit courts acting in their appellate capacity. Fla. R. App. P. 9.030(b)(2)(B). In order to invoke such jurisdiction, the petitioner seeking review must file the petition within thirty days of rendition of the order to be reviewed. Fla. R. App. P. 9.100(c)(1); Pitzer v. Bretey, 95 So. 3d 1005, 1006 (Fla. 2d DCA 2012). Thus, in order for us to have jurisdiction to review the appellate division's June 12, 2017 opinion, Chiropractic Clinics's petition would have to have been filed within thirty days of June 12, 2017. Chiropractic Clinics's petition was not filed until March 20, 2018.

Similarly, Chiropractic Clinics's August 21, 2017 rehearing motion did not toll the rendition of the appellate division's June 12, 2017 opinion or extend the time for issuance of the appellate division's mandate. Only timely rehearing motions – i.e., those filed within fifteen days of the filing of the opinion – extend the time for issuance of the mandate. Fla. R. App. P. 9.340(b); Pitzer, 95 So. 3d at 1006 (stating that "because [Pitzer] filed no timely and authorized post-opinion motion, rendition was not tolled").

We therefore grant Responsive's motion and dismiss Chiropractic Clinics's petition.

Petition dismissed.