CASANUEVA, Judge.
Charles Trice, a former trooper with the Florida Highway Patrol, appeals his convictions for ,the first degree murder of his wife, violation of a domestic violence injunction, and burglary. We determine that no reversible error occurred during his trial and affirm his convictions.
Mr. Trice shot his estranged wife, Darla Trice, in the chest with his .357 revolver while at the marital home. He claimed self-defense, asserting that his wife had stabbed him, that the pain from the stabbing had left him weakened and vulnerable, and that when she approached him a second time, he felt compelled to fire so she would not kill him. The evidence described Mr. Trice’s stab wound as a centimeter wide and four centimeters deep along a downward and inward tract. The wound did not penetrate the chest cavity and was closed with one stitch. The police found a small paring knife within one inch of Mrs. Trice’s body. Investigators found no fingerprints or any of Mrs.Trice’s blood on the knife.
The evidence revealed that Mr. Trice had shot his wife from an estimated distance of four to eighteen inches. At death, Mrs. Trice’s left hand was extended toward the telephone; the receiver was off the hook. The records of the 911 operators showed that someone had called 911 at 6:48 p.m. on the evening of the homicide. Four minutes later, Mr. Trice placed a call to 911 and admitted that he had shot his wife because she had tried to stab him.
The first issue for our consideration concerns the trial court’s admission of the testimony of approximately a dozen witnesses that Mrs. Trice had expressed fear of harm from her husband. On every occasion, the trial judge admonished the jury that they were to consider the evidence only to evaluate Mrs. Trice’s state of mind at the time of her death. The court repeatedly cautioned the jury not to consider this testimony as probative of Mr. Triee’s state of mind or his actions.
Generally, victim hearsay statements in a homicide case that the victim was afraid of the defendant are not admissible under section 90.803(3), Florida Statutes (1995). See Peterka v. State, 640 So.2d 59 (Fla.1994). However, when a defendant claims self-defense, an exception to the general rule permits the State to rebut that claim. See Peterka; State v. Bradford, 658 So.2d 572 (Fla. 5th DCA 1995). From the moment of the 911 call announcing the shooting of his wife, and throughout the trial, Mr. Trice asserted that he acted in self defense. *19 Thus, the court properly admitted most of the testimony. During the State’s case in chief, however, Darlene King and Robert King were permitted to testify about their March 27, 1993, conversation with Mrs. Trice. This conversation took place more than a year preceding the homicide. The trial court erred in admitting these statements. Simply stated, the statements were too remote in time to be probative or relevant to the issue of Mrs. Trice’s state of mind at the time of her death. Upon review of the entire record, however, we conclude that admitting this evidence was harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Mr. Trice has also contended on appeal that the trial court erred in prohibiting the defense from presenting expert evidence on the battered-spouse syndrome, particularly on the concept that a battered spouse could become aggressive and attack the former aggressor. The trial court was correct in excluding this evidence. The expert’s tendered testimony was that he could not say that Mrs. Trice was suffering from the battered spouse syndrome. Although in State v. Hickson, 630 So.2d 172 (Fla.1993), the supreme court approved the use of the battered-spouse syndrome as a defense by those who suffered from the condition, Hick-son does not stand for the proposition that a defendant who is not a battered spouse can assert that the victim was suffering from the syndrome and thereby bring into evidence the general characteristics of the syndrome. The expert further testified that he was unable, within a reasonable psychological probability, to testify as to Mrs. Trice’s state of mind on the date of her death. Thus, the proffered testimony failed to meet the test of relevancy.
Mr. Trice has also urged that the court erred in denying his motions for a directed verdict of acquittal. Given the physical evidence, the conflicts within Mr. Trice’s various recitations of events, and the other evidence presented, the trial court did not err in denying the motions. See Cochran v. State, 547 So.2d 928 (Fla.1989); Finney v. State, 660 So.2d 674 (Fla.1995).
The final issue is whether the trial court improperly sentenced the defendant on the burglary charge. The trial court imposed a departure sentence of life consecutive to the life sentence for first degree murder. The only written departure ground was a box checked on the aggravator list indicating that the primary offense was scored at level 7 or higher. As Mr. Trice argues, first degree murder has never been a scored offense and thus has never been assigned a level. Thus, this basis for departure is not permitted. A review of the record, however, reveals that the trial court’s orally announced reason for departure was the unseored capital conviction, which is a valid ground. See Bunney v. State, 603 So.2d 1270 (Fla.1992). We remand only for the purpose of correcting the written sentence to reflect the oral pronouncement. See Brammer v. State, 554 So.2d 671 (Fla. 2d DCA 1990). The defendant need not be present.
Affirmed and remanded only to correct the written sentence.
CAMPBELL, A.C.J., and NORTHCUTT, J., concur.