831 So.2d 246 (2002)
Charles TRICE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3017.
District Court of Appeal of Florida, Second District.
November 27, 2002.
*247 Michael V. Giordano, Tampa, for Appellant.
KELLY, Judge.
Charles Trice challenges an order of the trial court summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court found that Trice's motion was untimely and that nothing contained in the motion brought it within any of the exceptions to the two-year time limit for filing a rule 3.850 motion. Because the trial court erred in concluding that the motion was untimely, we reverse and remand for further proceedings.
A jury convicted Trice of first-degree murder, violation of a domestic violence injunction, and burglary. This court affirmed the judgment and sentences. Trice v. State, 719 So.2d 17 (Fla. 2d DCA 1998). In his 3.850 motion, Trice contends that he sought review of the Trice opinion in the Florida Supreme Court. Trice alleges, and the attachments to the trial court's order show, that the Florida Supreme Court declined to accept jurisdiction on February 25, 1999. Trice alleges that appellate counsel sought further review in the United States Supreme Court, but on June 24, 1999, the Court declined to hear the case. Trice filed the present rule 3.850 motion on June 20, 2001. In finding that the motion was untimely, the trial court ruled that Trice's judgment and sentences became final on February 25, 1999, the date the Florida Supreme Court declined to accept jurisdiction.
In Barkett v. State, 728 So.2d 792 (Fla. 1st DCA 1999), Barkett was convicted of first-degree murder, and the First District affirmed the judgment and sentence. Barkett then filed a petition for a writ of certiorari with the United States Supreme Court, which denied the petition. Barkett filed a rule 3.850 motion more than two years after the First District issued its mandate affirming his judgment and sentence but within two years from the date the Supreme Court denied his petition for writ of certiorari. The trial court denied the rule 3.850 motion as untimely filed. The First District found that because the motion was filed within two years of the Supreme Court's denial of Barkett's petition for writ of certiorari, the rule 3.850 motion was, in fact, timely.
In the present case, Trice did not attach to his rule 3.850 motion the petition he filed with the United States Supreme Court, nor did he attach the order in which the Supreme Court declined to hear the case. We are therefore unable to determine whether Trice properly invoked the jurisdiction of the Supreme Court. Accordingly, we reverse the order of the trial *248 court and remand with instructions to the trial court to consider the timeliness of Trice's motion in light of Barkett. If necessary, the trial court may order Trice to supplement the record with a copy of the petition that he filed in the United States Supreme Court and any order rendered by the Supreme Court in response to that petition. The trial court may also hold an evidentiary hearing regarding the timeliness of the rule 3.850 motion.
Reversed and remanded for further proceedings.
CASANUEVA and SALCINES, JJ., Concur.