953 So.2d 612 (2007)
Merlan DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3384.
District Court of Appeal of Florida, Second District.
March 21, 2007.
LaROSE, Judge.
Merlan Davis appeals the summary dismissal of his December 8, 2005, motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The postconviction court dismissed the motion as untimely, successive, and facially insufficient. We affirm in part, reverse in part, and remand for further proceedings.
In August 2000, a jury convicted Mr. Davis of lewd and lascivious conduct. The trial court sentenced him in December 2000 to sixty years in prison. On January 4, 2001, Mr. Davis filed what he called a rule 3.850 motion, purportedly attacking the legality of his sentence. A week later, he appealed his convictions and sentences to this court. On appeal from an order denying his motion, we reversed and remanded. See Davis v. State, 800 So.2d 656 (Fla. 2d DCA 2001). We treated it as a motion under Florida Rule of Criminal *613 Procedure 3.800(a) because it sought to correct an allegedly illegal sentence. See id. We directed the postconviction court to dismiss the motion or stay consideration pending the resolution of Mr. Davis' direct appeal. See id. We affirmed his convictions and sentences, without opinion, on February 27, 2002. See Davis v. State, 814 So.2d 1040 (Fla. 2d DCA 2002) (table). Our mandate issued on March 25, 2002.
In a further effort to challenge directly his convictions and sentences, Mr. Davis, in May 2002, filed a timely petition for writ of certiorari in the United States Supreme Court. See Sup. Ct. R. 13.1 ("[A] petition for writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").[1] On June 10, 2002, while that petition was pending, the postconviction court denied Mr. Davis' January 4, 2001, motion. We note that Mr. Davis never obtained a stay of our March 25, 2002, mandate. While Mr. Davis sought discretionary review by the United States Supreme Court, we see no impediment to the trial court denying Mr. Davis' January 4, 2001, motion, a motion we previously characterized as one filed under rule 3.800(a). In July 2002, again while the certiorari petition was pending, Mr. Davis appealed that denial. We affirmed on December 11, 2002. See Davis v. State, 840 So.2d 232 (Fla. 2d DCA 2002) (table). Finally, on December 8, 2003, the Supreme Court denied Mr. Davis' petition for writ of certiorari. See Davis v. Fla., 540 U.S. 1075, 124 S.Ct. 921, 157 L.Ed.2d 747 (2003).
Mr. Davis then filed a rule 3.850 motion in December 2005; that motion underlies this appeal.[2] He asserted four claims, none of which were raised in his January 4, 2001, motion. First, Mr. Davis contends that his trial counsel was ineffective for misinforming him about the potential maximum penalty and for erroneously advising him that the State could not file additional charges. Second, Mr. Davis claims that his trial counsel was ineffective for not filing a motion to suppress evidence. Third, Mr. Davis maintains that his trial counsel was ineffective for failing to request the appointment of an independent psychiatrist. Fourth, Mr. Davis asserts a violation of Brady[3] because the State allegedly denied him access to certain files. We conclude that this rule 3.850 motion, filed within two years of the Supreme Court's denial of review, is timely, not successive to his January 4, 2001, motion and, as to one claim, is facially sufficient.
Mr. Davis filed a timely petition for writ of certiorari with the Supreme Court. See Beaty v. State, 701 So.2d 856, 857 (Fla.1997); Fla. Star v. B.J.F., 530 So.2d 286, 288 n. 3 (Fla.1988). The time to file the rule 3.850 motion commenced when the Supreme Court denied review. See Gaskin v. State, 737 So.2d 509, 512 n. 3 (Fla. *614 1999), receded from on other grounds, Nelson v. State, 875 So.2d 579 (Fla.2004); Barkett v. State, 728 So.2d 792 (Fla. 1st DCA 1999); cf. Trice v. State, 831 So.2d 246, 247 (Fla. 2d DCA 2002). Because Mr. Davis filed his rule 3.850 motion exactly two years after the Supreme Court denied certiorari review, the motion was timely.
We also conclude that Mr. Davis' rule 3.850 motion is not successive. As noted earlier, Mr. Davis called his January 4, 2001, motion a rule 3.850 motion. Yet, because that motion challenged the legality of his sentences, we treated it on appeal as a rule 3.800(a) motion. See Davis, 800 So.2d 656. The order on appeal here attacks Mr. Davis' convictions. See Ramirez v. State, 822 So.2d 593 (Fla. 2d DCA 2002); Kelly v. State, 712 So.2d 780 (Fla. 2d DCA 1998).
As for the facial sufficiency of the rule 3.850 motion, only one claim warrants further consideration. Mr. Davis claims that his trial counsel was ineffective for misadvising him of the consequences of proceeding to trial. Allegedly, Mr. Davis' trial counsel told him that he faced a maximum of thirty years, not sixty years. Mr. Davis alleges that trial counsel told him that the State could not file a second charge if he went to trial; in fact, the State did. Mr. Davis alleges that he would have accepted the State's plea offer had he been properly advised. This claim is facially sufficient under rule 3.850. See Aebi v. State, 842 So.2d 888, 889 (Fla. 2d DCA 2003). Therefore, we reverse as to this claim. On remand, the postconviction court may deny this claim if it attaches portions of the record conclusively refuting Mr. Davis' allegations. Otherwise, an evidentiary hearing is necessary. See Tidwell v. State, 844 So.2d 701, 702 (Fla. 1st DCA 2003).
Mr. Davis' remaining claims are facially insufficient. We affirm the postconviction court's dismissal of those claims.
Affirmed in part, reversed in part, and remanded for further proceedings.
CASANUEVA, J., Concurs.
ALTENBERND, J., Concurs with opinion.
ALTENBERND, Judge, Concurring.
I concur in this decision, which is supported by precedent. See Barkett v. State, 728 So.2d 792 (Fla. 1st DCA 1999); Trice, 831 So.2d 246. I question whether the precedent has established the best interpretation of Florida Rule of Criminal Procedure 3.850(b).
Merlan Davis's direct appeal was affirmed by this court in 2002. We affirmed without a written opinion, which meant that Mr. Davis had no right to receive review in the Florida Supreme Court. We issued mandate on March 25, 2002. Once mandate issued, jurisdiction returned to the trial court and it was free to consider any timely filed motion pursuant to rule 3.850.
Mr. Davis attempted to have the United States Supreme Court review our affirmance. That court does have the power, by writ of certiorari, to review a decision from a Florida district court of appeal even when no written opinion is issued. That power is very rarely exercised.
Barkett clearly interpreted rule 3.850(b) to extend the time for filing a postconviction motion under that rule whenever a defendant seeks review in the United States Supreme Court from an affirmance without a written opinion. We followed Barkett in Trice, which involved a case in which this court had earlier affirmed the direct appeal with a written opinion. These cases rely upon the decisions of the *615 Florida Supreme Court in Huff v. State, 622 So.2d 982 (Fla.1993), and Gaskin, 737 So.2d 509. Both of those decisions involved cases in which the death penalty was imposed and where direct appeal occurred in the Florida Supreme Court. Both of those decisions interpreted rule 3.850 prior to the adoption in 1993 of rule 3.851, which established distinct procedures for collateral relief in death penalty cases.
Rule 3.850(b) does not explicitly measure the timeliness of a motion from the expiration of all possible appellate remedies. It merely states that a motion is generally untimely "if filed more than 2 years after the judgment and sentence become final in a noncapital case."
We have interpreted the word "final" in rule 3.850(b) to extend the time for the filing of a motion when a case is pending in a district court of appeal even when the defendant does not prevail on appeal. See Daniels v. State, 712 So.2d 765 (Fla.1998). That makes sense because a trial court has no jurisdiction to consider a postconviction motion when the case is pending on direct appeal. We deprive the trial court of that jurisdiction under the general principle that a trial court should not have power to issue an order interfering with the jurisdiction of a reviewing court. See Washington v. State, 823 So.2d 248 (Fla. 4th DCA 2002).
If a district court of appeal issues a written opinion, there is merit in extending the time for a postconviction motion while the Florida Supreme Court considers its right to review that decision under article V, section 3(b), of the Florida Constitution. See Perkins v. State, 845 So.2d 273 (Fla. 2d DCA 2003). Likewise, I see no reason why trial courts should need to consider such motions while the defendant is seeking review in the Florida Supreme Court.
However, I can think of no practical or logical reason to extend the time for filing a postconviction motion when a defendant attempts review by certiorari in the United States Supreme Court from an affirmance without a written opinion from this court. That process of review does not interfere with the trial court's jurisdiction after our mandate issues. The trial court does not need to worry about interfering with the appellate jurisdiction of the United States Supreme Court unless and until that court actually exercises its certiorari power. Legally, there is no reason to delay the postconviction process in a state court while the highest federal court determines whether to involve itself in the case.
From a practical perspective, the rule announced in Barkett adds up to a year to the time permitted for postconviction review whenever a defendant seeks review of a per curiam affirmance in the United States Supreme Court. Thus, the current rule encourages thousands of defendants in Florida to file for review in the United States Supreme Court even if they have no argument to make in good faith. There is no reason for Florida courts to adopt a policy that encourages such abuse of the review process in the United States Supreme Court.
It seems to me that we could and should interpret rule 3.850(b) so that a judgment and sentence that is affirmed without a written opinion in a district court becomes final when mandate issues. There is no need to extend the time for such a motion for the period when a request for review is pending in the United States Supreme Court. Instead, the trial court, at the request of either party, could easily stay such a motion in the rare case in which the United States Supreme Court elected to exercise its certiorari jurisdiction. This approach would add clarity to the rule and *616 would not encourage needless filings in the United States Supreme Court.
NOTES
[1] Because we affirmed without a written opinion, Mr. Davis could not seek review in the Florida Supreme Court. See Jollie v. State, 405 So.2d 418, 421 (Fla.1981). In effect, we were the state court of last resort for Mr. Davis' direct appeal. See id. at 423. Despite the absence of a written opinion affirming Mr. Davis' convictions and sentences, we are aware of no rule or procedure precluding the United States Supreme Court from reviewing a conviction and sentence rendered without opinion.
[2] Mr. Davis filed a rule 3.800(a) motion on January 26, 2004, challenging the legality of his sentence. The postconviction court denied that motion as being identical to the motion Mr. Davis filed on January 4, 2001. The denial of the January 26, 2004, motion is not before us in this appeal.
[3] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).