993 So.2d 1045 (2008)
Merlan DAVIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D07-5552.
District Court of Appeal of Florida, Second District.
February 27, 2008.
Rehearing Denied April 23, 2008.
Merlan Davis, pro se.
No appearance for Respondent.
LaROSE, Judge.
In his petition for writ of mandamus, which this court denied on January 10, 2008, with opinion to follow, Merlan Davis requests this court to order the trial court to strike his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 with leave to amend. He relies on Spera v. State, 971 So.2d 754 (Fla.2007). We hold that Spera does not apply retroactively.
Mr. Davis filed his rule 3.850 motion on December 8, 2005, raising four claims. In claim one, Mr. Davis alleged that trial counsel was ineffective for misinforming him of the maximum sentence and for telling him that he could not be charged with a second count. In claim two, Mr. Davis alleged ineffective assistance of trial counsel for failing to file a motion to suppress evidence. In claim three, Mr. Davis alleged ineffective assistance of trial counsel for failing to request an independent court-appointed psychiatrist. In his fourth claim, Mr. Davis alleged a Brady[1] violation when the State Attorney denied him access to files for inspection.
*1046 The postconviction court dismissed the motion, ruling that it was facially insufficient and untimely. Mr. Davis filed a motion for rehearing which the postconviction court denied, ruling that the rule 3.850 motion was also successive. On appeal, we held that Mr. Davis' motion was timely and not successive. Davis v. State, 953 So.2d 612, 613-14 (Fla. 2d DCA 2007). We also held that claim one was facially sufficient and reversed for the postconviction court to attach portions of the record refuting that claim or to hold an evidentiary hearing. Id. at 614. However, we held that claims two through four were facially insufficient. Id. We denied a motion for rehearing.
In his petition, Mr. Davis asks that we require the postconviction court to strike his rule 3.850 motion on remand with leave for him to amend. Relying on Spera, 971 So.2d 754, Mr. Davis argues that he is entitled to at least one opportunity to amend his rule 3.850 motion. We reject Mr. Davis' contention because we view Spera as a refinement of decisional law; it is not a "fundamental and constitutional law change" that should apply retroactively. See Witt v. State, 387 So.2d 922, 926-29 (Fla.1980).[2]
Petition previously denied.
CASANUEVA and STRINGER, JJ., Concur.
NOTES
[1] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
[2] We also note that Mr. Davis' appeal became final when our mandate issued on June 12, 2007. "An appellate court's power to recall its mandate is limited to the term during which it was issued." State Farm Mut. Auto. Ins. Co. v. Judges of Dist. Court of Appeal, 405 So.2d 980, 982-83 (Fla.1981). This court's term ended in July 2007 and, again, in January 2008. § 35.10, Fla. Stat. (2007). Even if we were inclined to do so, we cannot recall the mandate.