ALTENBERND, Judge,
Concurring.
Mr. Santiago claims that on July 20, 2000, three men, Mr. Smith, Mr. Phillips, and Mr. Hayes, approached him in a parking lot. Because of a prior verbal confrontation, Mr. Santiago was apprehensive about the men. When Mr. Phillips reached toward his waistband, Mr. Santiago claims that he feared for his life. Mr. Santiago pulled out a handgun, firing multiple shots at the three men. Mr. Hayes died in this seemingly one-sided gun fight; Mr. Phillips was injured; and Mr. Smith escaped injury. As a result, Mr. Santiago was charged with and convicted of one count of first-degree murder and two counts of attempted first-degree murder. He is serving life sentences for these offenses.
When the gunfire ended, Mr. Santiago fled the scene. The police were notified. Prior to his arrest, Mr. Santiago engaged in activity that caused him to be charged with aggravated assault on two law enforcement officers, resisting arrest with violence, and aggravated fleeing and eluding. He was convicted only of resisting arrest and fleeing and eluding for this portion of the day’s events.
This court affirmed all aspects of the judgments and sentences except for the charge of fleeing and eluding, which was reversed for discharge. See Santiago v. State, 847 So.2d 1060 (Fla. 2d DCA 2008). Mandate issued July 3, 2003. Mr. Santiago filed this postconviction motion on September 5, 2006. It is timely because he sought review of this court’s opinion by the Florida Supreme Court, which denied review on June 8, 2005, see Santiago v. State, 906 So.2d 1059 (Fla.2005) (table decision), and he then sought review by the United States Supreme Court, which denied his petition on October 31, 2005, see Santiago v. Florida, 546 U.S. 987, 126 S.Ct. 572, 163 L.Ed.2d 479 (2005). See Davis v. State, 953 So.2d 612, 613 n. 1 (Fla. 2d DCA 2007); see also Beaty v. State, 701 So.2d 856 (Fla.1997). This motion remained pending in the trial court for more than four years, and it has been on review for eighteen months. Thus, we release this opinion approximately twelve years after Mr. Santiago’s arrest.
At trial, Mr. Santiago wanted to rely on self-defense as his primary defense to the three homicide charges. These three alleged offenses, which were forcible felonies, occurred either simultaneously or in very rapid succession in a single episode. There was no other forcible felony committed by Mr. Santiago that preceded these events or occurred during these events. He was not escaping following the commission of an earlier forcible felony. The later events that took place when Mr. Santiago was fleeing cannot be considered in the analysis of his claim of self-defense in the parking lot. Under the case law that is fully explained in the court’s, opinion, it appears very likely that the instruction given under section 776.041, Florida Statutes (2000), was incorrect. See Martinez v. State, 981 So.2d 449 (Fla.2008).
Section 776.041 does not explain the policy underlying this confusing statute. However, in general, this statutory limitation on the right to claim self-defense applies only when the defendant has engaged or is engaging in some other violent crime that prompted a person to attack the defendant. If you are robbing a convenience store clerk, you cannot claim self-defense if *1027 you batter a customer who comes to the aid of the clerk and attacks you.
The details of the facts in this case are not well known to this court. If the actual facts are that Mr. Santiago was firing on Mr. Phillips, for example, and the other two victims came to Mr. Phillips’ defense, endangering the life of Mr. Santiago, then it might be that section 776.041 would prevent a claim of self-defense as to the charges relating to Mr. Smith and Mr. Hayes. But section 776.041 would not seem to prevent a claim of self-defense, at a minimum, for the first homicide charge.
On direct appeal, an erroneous jury instruction of this sort can be fundamental error if it deprives the defendant of a fair trial. See id. at 455. This court has held that, in the proper context, it may also support a claim of ineffective assistance of counsel. See Redding v. State, 41 So.3d 353 (Fla. 2d DCA 2010). Given the age of this proceeding, I am inclined to think that the case should be given some priority attention on remand.