NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


APOLLO HARDIN,                          )
                                        )
          Appellant,                    )
                                        )
v.                                      )          Case No. 2D15-3319
                                        )
STATE OF FLORIDA,                       )
                                        )
          Appellee.                     )
_____)

Opinion filed March 16, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Philip J. Federico, Judge.

Apollo Hardin, pro se.


LUCAS, Judge.

          Apollo Hardin appeals the dismissal of his postconviction motion filed

under Florida Rule of Criminal Procedure 3.850.  We reverse and remand for the court

to reconsider Mr. Hardin's motion.

          In 2009, Mr. Hardin pleaded guilty to one count of armed burglary, three

counts of burglary, and one count of scheming to defraud.  The trial court sentenced

him to life imprisonment.  He filed a direct appeal from his judgment and sentences,

which this court affirmed in 2012. Mr. Hardin then filed a timely petition for certiorari with the United States Supreme Court, which was denied on April 15, 2013.

When Mr. Hardin filed his rule 3.850 motion on April 15, 2015, the postconviction court dismissed it as untimely because it had been filed more than two years after the mandate issued on his direct appeal. Although Mr. Hardin argued in a motion for rehearing that his rule 3.850 motion was timely, the postconviction court found that he abandoned his motion for rehearing by filing a notice of appeal on July 1, 2015, which, the postconviction court believed, divested it of its jurisdiction. We reverse because Mr. Hardin filed a timely motion for postconviction relief following the denial of his certiorari petition with the United States Supreme Court.

A motion for postconviction relief must be filed within two years of the date on which the judgment and sentence become final. Fla. R. Crim. P. 3.850(b). However, when a defendant files a petition for writ of certiorari with the United States Supreme Court, this two-year deadline commences when the Supreme Court denies the review of the petition. See Huff v. State, 569 So. 2d 1247, 1250 (Fla. 1990); Davis v. State, 953 So. 2d 612, 613 (Fla. 2d DCA 2007). As such, Mr. Hardin's time to file a motion under rule 3.850 expired on April 15, 2015. His motion—filed exactly two years after the denial of his certiorari petition—was, therefore, timely.

Additionally, we note that the postconviction court improperly denied Mr. Hardin's motion for rehearing when it deemed the motion "abandoned" by his filing of a notice of appeal. Following the 2015 amendments to the Florida Rules of Appellate

Procedure,[1] if a party files an authorized and timely motion for rehearing but also files a notice of appeal before the postconviction court rules on the motion, the "appeal shall be held in abeyance until the filing of a signed, written order disposing of the last such motion." <u>See</u> Fla. R. App. P. 9.020(i)(3). The postconviction court had jurisdiction to rule on Mr. Hardin's motion for rehearing and, at that juncture, should have recognized that his rule 3.850 motion was timely. <u>See</u> <u>Huff</u>, 569 So. 2d at 1250; <u>Davis</u>, 953 So. 2d at 613.

Accordingly, we reverse and remand for the postconviction court to reconsider Mr. Hardin's rule 3.850 motion.

Reversed and remanded with directions.

LaROSE and BADALAMENTI, JJ., Concur.

---

[1]<u>In re Amendments to the Florida Rules of Appellate Procedure</u>, 39 Fla. L. Weekly S665 (Fla. Nov. 6, 2014) (effective Jan. 1, 2015).