PER CURIAM.
Corey Preston challenges the trial court’s denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the sentencing judge incorrectly calculated the level of his offense when calculating his sentencing guidelines scoresheet, we reverse.
Appellant entered a plea to the offense of conspiracy to traffic in cocaine and was sentenced to five years followed by five years probation. The court identified his offense level as eight, and all parties agree that this would be correct had the offense been trafficking in cocaine (more than 200 grams and *940 less than 400 grams). Mr. Preston argues that because the offense of conspiracy to traffic in cocaine is an unlisted offense that its level is governed by section 921.0013, Florida Statutes (1993). As a first degree felony it would under his theory be classified a level seven offense.
The trial court rejected that argument and relied on the provisions of section 893.135(5), Florida Statutes (1993), which make conspiracies to traffic in illegal drugs equal in severity to the trafficking offenses themselves. For purposes of determining guideline level, conspiracy to traffic in illegal drugs should thus be classified, reasoned the trial court, the same as would be the substantive offense of trafficking. Our reading of these statutes persuades us otherwise. Penal statutes should be construed in favor of the accused and against the prosecuting agency. Martin v. State, 367 So.2d 1119 (Fla. 1st DCA 1979); Florida S & L Services, Inc v. Department of Revenue, 443 So.2d 120 (Fla. 1st DCA 1983). With this notion in mind, we hold that the clear reading of section 921.0013 requires that unlisted first degree felonies are to be classified as level seven offenses.
The other claims advanced by Mr. Preston regarding his sentencing scoresheet are without merit.
Affirmed in part, reversed in part, and remanded for resentencing.
RYDER, A.C.J., and QUINCE and WHATLEY, JJ., concur.