PER CURIAM.
Antonio D. Johnson challenges the trial court’s summary denial of his motion for postconvietion relief filed pursuant to Florida *1018 Rule of Criminal Procedure 3.850. Johnson raises one claim which may have merit and is not refuted by the record attached to the trial court’s order. Johnson contends that his guidelines scoresheet contains a patent computational error which has resulted in an excessively long sentence of imprisonment. We reverse as to this issue, but affirm the order in all other respects.
Johnson pleaded no contest to attempted burglary and attempted kidnapping. He was sentenced to a guidelines sentence of 90.2 months’ incarceration in the Department of Corrections. Johnson asserts the primary offense on the guidelines scoresheet, his attempted kidnapping charge, should have been scored as a level 8 offense, not a level 9 offense. He argues that the language of section 777.04, Florida Statutes (1995), requires a criminal attempt to be ranked one level below the severity ranking of a completed offense.
The trial court denied relief, indicating that under sections 787.01(a)(2) and 921.0012(3), Florida Statutes (Supp.1996), the attempted kidnapping charge maintains its level 9 ranking, and was, therefore, properly scored as a level 9 offense.
In pertinent part, section 777.04 states: (4)(a) Except as otherwise provided in ss. 828.125(2), 849.25(4), 893.135, and 921.0012, the offense of criminal attempt, criminal solicitation, or criminal conspiracy is ranked for purposes of sentencing under chapter 921 and determining incentive gain-time eligibility under chapter 944 one level below the ranking under s. 921.0012 or s. 921.0013 of the offense attempted, solicited, or conspired to. If the criminal attempt, criminal solicitation, or criminal conspiracy is of an offense ranked in level 1 or 2 under s. 921.0012 or s. 921.0013, such offense is a misdemeanor of the first degree, punishable as provided in s. 775. 082 or s. 775.083.
Sections 828.125(2), 849.25(4), and 893.135, Florida Statutes (1995), which are specifically exempted from the operation of section 777.04, list instances where a criminal attempt is denominated of equal severity as the completed crime. Section 921.0012, which designates the severity ranking of most felony offenses, reflects instances in which the attempt of a crime is specifically listed at a particular severity ranking. For example, attempted premeditated murder is specifically listed as a level 9 offense. Attempted kidnapping is not specifically listed at a designated level ranking under section 921.0012. We interpret the inclusion of section 921.0012, with the other exceptions listed in section 777.04, to remove from the reduced ranking of this provision only those attempted crimes which are assigned their own severity ranking.
In order to adhere to the plain language of section 777.04(4)(a), the guideline scoresheet should list the severity ranking of the charge of attempted kidnapping at one level below the severity ranking listed for the completed charge. This change in the severity ranking would potentially change Johnson’s sentence from 90.2 months’ incarceration to 68.2 months’ incarceration. Accordingly, we reverse the order denying Johnson’s motion for postconviction relief as to this issue and remand for further proceedings consistent with this opinion.
Affirmed in part, reversed in part, and remanded for further proceedings.
THREADGILL, A.C.J., and PATTERSON and GREEN, JJ., concur.