ON MOTION FOR REHEARING
PER CURIAM.
We grant rehearing and issue this opinion to explain our previous affirmance. Appellant Larry Jackson filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). After the motion was denied, Jackson filed a motion for rehearing in which he álleged for the first time that victim injury points had been erroneously added to his sentencing guidelines scoresheet. Rehearing was denied, and this appeal followed.
After the denial order was affirmed by this court, Jackson filed a motion for rehearing, claiming that this court had overlooked the new issue. We did not. The motion for rehearing in which the score-sheet error was alleged was an unauthorized motion.[1] Wright v. State, 643 So.2d 1157 (Fla. 4th DCA 1994). Therefore the trial court was not required to consider this claim.[2]
We affirm the orders denying both the. original motion for 3.800 relief and the motion for rehearing. Our affirmance is without prejudice to Jackson to file a timely motion pursuant to rule 3.850, Florida Rules of Criminal Procedure in the trial court seeking relief based on the alleged improper addition of forty points for victim injury.
WARNER, C.J., DELL and GROSS, JJ., concur.

. Motions for rehearing are authorized under Florida Rule of-Criminal Procedure 3.850(g). However, such motions cannot be used to raise new grounds for relief. Reid v. State, 745 So.2d 363 (Fla. 4th DCA 1999).

. While an error that renders a sentence illegal can be raised at any time, the scoresheet error alleged in the motion for rehearing would not result in an illegal sentence.