794 So.2d 719 (2001)
Paul CARDALI, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-1666.
District Court of Appeal of Florida, Third District.
September 19, 2001.
*720 Clayton R. Kaeiser, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Regine Monestime, Assistant Attorney General, for appellee.
Before COPE, GODERICH, and FLETCHER, JJ.
*721 PER CURIAM.
Paul Cardali, Jr. seeks review of the trial court's order denying his petition for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
Cardali was charged with first-degree murder, sexual battery and kidnapping. The jury found Cardali guilty of the lesser included offense of second-degree murder, and kidnapping, but acquitted Cardali of the sexual battery charge. This court affirmed the judgment and conviction on direct appeal. Cardali sought discretionary review by the Florida Supreme Court, which review was dismissed on March 20, 1998.
On March 20, 2000, Cardali filed his current petition for post-conviction relief, which the trial court denied on the basis that the motion was untimely as being filed beyond the 2 years following this court's mandate. The lower court additionally denied relief based on failure of the claims to rise to the Strickland standards of ineffective counsel,[1] and that the issues should have been raised on the prior direct appeal.
Cardali is correct in asserting that his petition was timely filed with the trial court. Judgment and sentence become final for rule 3.850 purposes when direct review proceedings have concluded and jurisdiction to entertain a motion for postconviction relief returns to the sentencing court. Ward v. Dugger, 508 So.2d 778 (Fla. 1st DCA 1987). Direct review proceedings include seeking discretionary review in the Florida Supreme Court. Id. As Cardali's discretionary review sought in the supreme court terminated on March 20, 1998, Cardali had two years from that date to seek postconviction relief. He timely filed his petition on March 20, 2000.
Substantively, however, Cardali's claims fail. First, Cardali alleges that his trial attorney was having health problems and was taking tranquilizers during trial, and that the court erred when it found that the defendant failed to establish that this alleged behavior had a prejudicial effect on the outcome of trial. We agree with the trial court that the record reflects that Cardali has not alleged Strickland incompetence on this issue which can be addressed by this Court.
Next, Cardali asserts that his attorney (1) allowed the introduction through a witness of a 3×5 photograph that was prejudicial and irrelevant, and that his attorney (2) failed to cross-examine a witness concerning an allegedly incriminating letter that Cardali had written to the victim before Cardali's flight to Honduras, where the letter would have supported Cardali's defense that the co-defendant pushed the victim from the car. We find that these are conclusory allegations and are not sufficiently particularized to explain what the photograph and letter contained and what impact, if any, they would have had on the proceedings. See Kennedy v. State, 547 So.2d 912, 913 (Fla.1989); Cunningham v. State, 748 So.2d 328, 330 (Fla. 4th DCA 1999).[2]
Cardali also asserts that the trial court erred when it found that the defendant could not raise the issue of absence from jury instruction conferences in a 3.850 motion. The defendant claims that his attorney waived his presence at the jury instruction charge conference and *722 during bench discussions between the judge and the attorneys without his consent.[3] The trial court stated that this issue could have and should have been addressed on direct appeal. Although it is true that the defendant has a constitutional right to be present at all "crucial stages of his trial where his absence might frustrate the fairness of the proceedings," Garcia v. State, 492 So.2d 360 (Fla.1986), it is also true that "the right does not confer upon the defendant the right to be present at every conference at which a matter pertinent to the case is discussed, or even at every conference with the trial judge at which a matter relative to the case is discussed." United States v. Vasquez, 732 F.2d 846 (11th Cir.1984); see also Cole v. State, 701 So.2d 845 (Fla.1997)(the constitutional right to be present does not extend to conferences involving purely legal matters because the defendant's presence would be of no assistance to counsel); Rutherford v. Moore, 774 So.2d 637 (Fla. 2000). In this instance, Cardali has not demonstrated that he was prejudiced because of his failure to be present at the charge conference or various bench discussions at which the jury was not present.
Cardali further asserts that the trial court erred by failing to have an evidentiary hearing on defendant's claim that his attorney failed to request that the jury be fully instructed and re-instructed concerning excusable homicide. However, the defendant in his brief states, in contradiction, that "the jury was given the standard homicide jury instructions, which include definitions of justifiable and excusable homicide." Appellant's brief at 13. We perceive no error where the jury heard the instructions on excusable homicide.
Cardali next claims that the trial court erred when it found that he could not raise in his 3.850 motion the issue of his trial attorney's failure to "adequately and competently argue" an inconsistent verdict issue, where he should have argued it on direct appeal. Cardali explains that, in Count 1, he was charged with kidnapping by confining the victim with the intent to commit or facilitate the commission of a sexual battery. Count 2 of the indictment charged Cardali with sexual battery against the same victim. The jury found Cardali not guilty of the sexual battery but guilty of the kidnapping. Cardali asserts that where the kidnapping was based on intent to commit sexual battery, it cannot stand if he was acquitted of the separate sexual battery charge. Cardali argues that his trial attorney's failure to have the verdict set aside for inconsistency amounts to ineffective assistance of counsel.
We disagree. Sexual battery was not an essential element of kidnapping and to convict for one and not the other does not result in an inconsistent verdict; these are two separate offenses and stand alone regardless of the intent behind the kidnapping to commit the sexual battery. See Brown v. State, 429 So.2d 839 (Fla. 3d DCA 1983) (jury's acquittal on robbery and sexual battery was not logically inconsistent with guilty verdict on the remaining count of entering a dwelling with the intent to commit robbery and sexual battery). This issue is without merit.
Finally, Cardali asserts that the trial court erroneously found that the defendant could not raise sentencing guidelines scoresheet errors in his 3.850 motion. Florida courts have allowed Rule 3.850 to be used to seek relief for sentencing issues. See, e.g., Shropshire v. State, 775 *723 So.2d 349 (Fla. 2d DCA 2000); Jackson v. State, 762 So.2d 1065 (Fla. 4th DCA 2000); Frazier v. State, 762 So.2d 575 (Fla. 4th DCA 2000); Reyes v. State, 752 So.2d 139 (Fla. 3d DCA 2000); Hammett v. State, 746 So.2d 1190 (Fla. 2d DCA 1999); Johnson v. State, 715 So.2d 1017 (Fla. 2d DCA 1998).
The trial court found that Cardali was sentenced to an enhanced sentence outside of the guidelines, such that if there were mistakes on the guidelines scoresheet they would not have affected the enhanced life sentence. We agree with the trial court.
The victim in the case was a 15-year old who was pushed from a moving car after an attempted sexual assault and died of head injuries. The victim's parents testified at the sentencing hearing. The recommended sentence here was 17-22 years and the permitted range was 12-27 years. The trial court departed from the guidelines and sentenced Cardali to two life sentences; any error in the scoresheet would have been immaterial. Thus, we are convinced that in this case, any scoresheet error was harmless because although there may have been an error on the scoresheet, the trial court would have nevertheless imposed the departure sentence, which was supported by valid reasons. See State v. Mackey, 719 So.2d 284 (Fla. 1998); Rubin v. State, 734 So.2d 1089 (Fla. 3d DCA 1999).
We affirm the circuit court's denial of relief on all the issues.
Affirmed.
NOTES
[1] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
[2] Our finding is without prejudice to Cardali to file a more particularized claim and explain the significance of the prejudice caused by these two omissions.
[3] Specifically, Cardali says in his sworn statement that his attorney "failed to require that I [Cardali] be present during the jury instruction charge conference and during discussion between the lawyers and Judge Spencer...."