915 So.2d 269 (2005)
Ronnie KENNEDY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4738.
District Court of Appeal of Florida, Fourth District.
December 7, 2005.
*270 Ronnie Kennedy, East Palatka, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.

ON REHEARING
PER CURIAM.
On the State of Florida's motion, we grant rehearing, withdraw our original opinion issued June 8, 2005, and substitute the following:
Appellant, Ronnie Kennedy, challenges the trial court's denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial court denied him relief stating that his motion was successive. On rehearing, for the reasons explained herein, we find without merit Kennedy's argument that his conspiracy offense should have been scored as a level 7 offense rather than a level 8 offense. Furthermore, while we agree with the State's position that Kennedy's conspiracy offense should have been scored as a level 9 offense, the State did not cross-appeal to increase Kennedy's sentence level. Therefore, we affirm the sentence.
Kennedy pled guilty to trafficking in cocaine in excess of 400 grams and less than 150 kilograms and conspiracy to traffic in cocaine. He was sentenced to 75.7 months in prison. The court identified his trafficking in cocaine offense level as level 9 and his conspiracy offense level as level 8. Kennedy argues that his conspiracy offense was incorrectly scored as a level 8 offense on his sentencing guideline scoresheet because it is an unlisted first degree felony, which should be classified as a level 7 offense. See Preston v. State, 667 So.2d 939 (Fla. 2nd DCA 1996).
Kennedy's reliance on Preston is erroneous for several reasons. First, the offense of conspiracy to traffic in drugs is to be treated the same, for sentencing purposes, as the underlying offense, and the inchoate offense is not an "unlisted offense" for purposes of severity ranking. See § 921.0022, Fla. Stat. (1998). A person who conspires to traffic in cocaine is guilty of a first degree felony and "is punishable as if he had actually committed such prohibited act." See § 893.135(5), Fla. Stat. (1998). Kennedy's assertion that conspiracy to traffic in cocaine is an "unlisted felony" completely overlooks section 777.04(4)(a), Florida Statutes (1998), which directs that a conviction for such an offense will be scored at one level below that of the underlying offense "except as otherwise *271 provided in Florida Statute § 893.135(5)." Under section 893.135, conspiracy to traffic in illegal drugs is to be treated for purposes of punishment as though the person had actually committed the act. Consequently, when the two statutes are read together, conspiracy to traffic in cocaine should be treated as a level 9 offense and cannot be deemed an unlisted felony.
Significantly, at the time of the Preston decision, section 777.04(4)(a) did not provide an exception for section 893.135(5). Section 777.04(b) simply stated that, "[e]xcept as otherwise provided in § 921.0012, the offense of criminal conspiracy is ranked on the offense severity ranking chart ... one level below the offenses conspired to ..." § 777.04(b), Fla. Stat. (1993). The 1998 statute, promulgated subsequently to Preston, grants an exception for section 893.135(5). The change in statutory language demonstrates the legislative intent to treat conspiracies to traffic in cocaine, for offense severity chart ranking purposes, as dictated in section 893.135(5). Consequently, the conspiracy charge should be treated as the substantive offense not only in terms of the felony degree of the crime but also in terms of its ranking on the offense severity ranking chart. See Johnson v. State, 715 So.2d 1017, 1018 (Fla. 2d DCA 1998) (stating that section 893.135 is "specifically exempted from the operation of § 777.04" and that under section 893.135 "criminal attempt is denominated of equal severity as the completed crime.").
Had the State cross-appealed for an increase in Kennedy's sentence level based upon the above analysis, we would have reversed and remanded for resentencing on the conspiracy offense to score it as a level 9 offense. However, because the sole appeal in this matter, filed by Kennedy, was a request that this court reduce the sentence level for the conspiracy offense, we affirm.
The other claims advanced by Kennedy regarding his sentencing scoresheet are without merit.
Affirmed.
POLEN, SHAHOOD and HAZOURI, JJ., concur.