974 So.2d 1135 (2008)
Larry D. MULLINS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-1969.
District Court of Appeal of Florida, Third District.
February 13, 2008.
*1136 Larry D. Mullins, in proper person.
Bill McCollum, Attorney General, for appellee.
Before GREEN, WELLS, and SUAREZ, JJ.
SUAREZ, J.
Larry D. Mullins appeals from an order denying as untimely his petition for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
Mullins' conviction was rendered on August 6, 2002, and he was sentenced on October 30, 2002. His direct appeal to this Court was per curiam affirmed with citations on August 29, 2003. Mullins v. State, 851 So.2d 907 (Fla. 3d DCA 2003). Mullins sought discretionary review in the Florida Supreme Court, which dismissed the case on November 24, 2004. Mullins v. State, 890 So.2d 1115 (Fla.2004). Mullins then filed his Rule 3.850 petition on July 10, 2006.[1] The trial court denied Mullins' Rule 3.850 motion on the basis that it was untimely filed, and he now appeals that decision.
The question presented on appeal is whether filing a petition for discretionary review based on an appellate per curiam decision with citations, one or more of which are pending review in the Florida Supreme Court, tolls the time for filing a postconviction motion under Florida Rule of Criminal Procedure 3.850 until the date the Florida Supreme Court either accepts or denies review. Mullins argues that his petition for discretionary review in the Florida Supreme Court tolled the two-year time limits of Rule 3.850 because this Court's per curiam affirmance was accompanied by citations to cases, one of which was pending review in the Florida Supreme Court. Mullins asserts that when the Florida Supreme Court dismissed his case on November 24, 2004, Mullins had two years from that date to seek postconviction *1137 relief, and his July 10, 2006 petition for postconviction relief was therefore timely. We agree.
Subject to certain exceptions not applicable here, Rule 3.850(b) provides a two-year period for the filing of a motion for postconviction relief "after the judgment and sentence become final in a noncapital case." A judgment and sentence become final for purposes of the rule "when any such direct review proceedings have concluded and jurisdiction to entertain a motion for post-conviction relief returns to the sentencing court." Ward v. Dugger, 508 So.2d 778, 779 (Fla. 1st DCA 1987); see also Cardali v. State, 794 So.2d 719, 721 (Fla. 3d DCA 2001). Direct review proceedings include seeking discretionary review in the Florida Supreme Court. Cardali, 794 So.2d at 721. The Florida Supreme Court does not, however, have subject matter jurisdiction over a district court opinion that fails to expressly address a question of law, such as opinions issued without opinion or citation. Beaty v. State, 701 So.2d 856 (Fla.1997) (finding that, where a defendant's plenary appeal had been per curiam affirmed without written opinion or citation, the two-year period for purposes of filing a motion for postconviction relief began to run from the issuance of the district court's mandate, rather than from the Supreme Court's denial of discretionary review); Florida Star v. B.J.F., 530 So.2d 286, 288 n. 3 (Fla.1988) (holding that a district court decision rendered without opinion or citation constitutes a decision from the highest state court empowered to hear the cause).
In the case before us, this Court's per curiam opinion in Mullins' direct appeal was accompanied by citations to authority, one of which was pending review in the Florida Supreme Court. Under these circumstances, the Florida Supreme Court retained jurisdiction. See Persaud v. State, 838 So.2d 529, 531-32 (Fla.2003) (holding that "the Court does not have jurisdiction to review per curiam decisions of the district courts of appeal that merely affirm with citations to cases not pending review in this Court."). The Florida Supreme Court ultimately decided not to accept jurisdiction of Mullins' case and dismissed Mullins' petition for discretionary review. As the Florida Supreme Court explained in Persaud, it has subject-matter jurisdiction to hear a petition for discretionary review based on an appellate court's per curiam opinion with citations, where one of those authorities is pending review in that Court.[2]Persaud, 838 So.2d at 531-32; see also, Florida Star, 530 So.2d at 288. Jurisdiction must be regarded as complete until the time the petition for review is denied. Florida Star at 289. "Moreover, the denial of review . . . did not operate to deprive this Court of its subject-matter jurisdiction retroactively, but merely constituted the point in time at which jurisdiction, for whatever reason, had ended." Id. at 289.
Because of the nature of our opinion in Mullins' direct appeal (a PCA with citation to a case pending supreme court review), *1138 the Florida Supreme Court had subject-matter jurisdiction and Mullins could appropriately petition the court to exercise its discretionary jurisdiction. While the Florida Supreme Court's decision to accept or deny the petition was pending, the two-year period for filing a postconviction relief motion pursuant to Rule 3.850(b) was tolled. See Cardali, 794 So.2d at 721.
We conclude that the two-year period for filing a postconviction motion pursuant to Rule 3.850(b) began to run from November 24, 2004, the date the Florida Supreme Court dismissed Mullins' petition for discretionary review of this Court's mandate in Mullins' direct appeal. Thus, Mullins' postconviction petition filed on July 10, 2006, was timely. We reverse and remand for consideration of Mullins' postconviction petition on the merits.
Reversed and remanded.
NOTES
[1] The date Mullins submitted his petition to the correctional institution for mailing. See Haag v. State, 591 So.2d 614, 617 (Fla.1992) (holding that the date of filing is the time at which a pro se prisoner entrusts the document to prison officials for delivery).
[2] In that circumstance, the pertinent issue is not whether the court has subject matter jurisdiction, which it does, but whether it chooses to exercise it. Cf. Jollie v. State, 405 So.2d 418 (Fla.1981) (holding that a district court of appeal opinion which cites as controlling authority a decision that is either pending review in or has been reversed by the court constitutes prima facie express conflict and allows the court to exercise its discretionary jurisdiction); Harrison v. Hyster, Co., 502 So.2d 100 (Fla. 2d DCA 1987) (holding that the court should not have chosen to accept jurisdiction to review the per curiam opinion as it was it was decided on the authority of another decision that was never reviewed by the court on the merits).