PER CURIAM.
Craig Williams (“Williams”) appeals from an order summarily denying, as untimely, his petition for a writ of habeas corpus. We reverse.
The State petitioned to have Williams committed as a sexually violent predator under Florida’s Involuntary Civil Commitment of Sexually Violent Predators Act (“Jimmy Ryce Act”), section 394.910-.930, Florida Statutes (2007). After a jury trial, the trial court entered a final judgment of commitment, which Williams appealed. This Court affirmed the judgment of eom-mitment, issuing its mandate on May 29, 2009.
Williams subsequently filed a petition for writ of habeas corpus under Florida Rule of Civil Procedure 4.460. Rule 4.460 provides for filing a petition for habeas corpus from a civil commitment judgment “within two years after the judgment becomes final.” The rule also states that Florida Rule of Criminal Procedure 3.850 governs such habeas corpus proceedings.
For purposes of a Rule 3.850 postconviction proceeding, a judgment becomes final when direct review proceedings have concluded and jurisdiction returns to the trial court. See, e.g., Cardali v. State, 794 So.2d 719 (Fla. 3d DCA 2001). The same finality rule applies in Rule 4.460 habeas corpus proceedings.
Here, the commitment judgment became final when this Court issued its mandate on May 29, 2009. Thus, the petition for habeas corpus Williams filed on October 16, 2009, was within the Rule 4.460 two-year time period. Consequently, the trial court erred in denying the petition on the ground that it was untimely.
Accordingly, we reverse the order denying the petition for habeas corpus, and remand for further proceedings.
Reversed and remanded.