BLACK, Judge.
 

 Jack Twardokus appeals the summary denial of his motion for.postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand because the postconviction court
 
 *360
 
 erred when it dismissed the motion as untimely.
 

 On July 28, 2004, Twardokus pleaded no contest to all charges in case numbers 02-2499CFA, 02-2744CFA, 03-1483CFA, 03-1542CFA, 04-1132CFA, and to counts one and three in case number 02-2729CFA. Subsequently, Twardokus proceeded to trial on the remaining counts in case number 02-2729CFA and was found guilty. Twar-dokus appealed his judgment and sentence in case number 02-2729CFA, which this court affirmed. The mandate issued December 14, 2005. Twardokus then filed a petition for belated appeal on July 28, 2006, which this court granted in case numbers 02-2499CFA, 02-2744CFA, 03-1483CFA, 03-1542CFA, and 04-1132CFA. Case number 02-2729CFA, limited to those counts to which Twardokus pleaded no contest, was later erroneously included in the belated appeal, and this court affirmed the judgment and sentences.
 
 Twardokus v. State,
 
 973 So.2d 1138 (Fla. 2d DCA 2008). The mandate issued on February 22, 2008.
 

 In his motion filed on February 5, 2009, which was directed to his pleas of no contest in the cases affirmed in 2008, Twardo-kus presented six claims of ineffective assistance of counsel. The postconviction court dismissed the motion as untimely, finding that it was filed more than two years after this court’s initial mandate was issued on December 14, 2005. However, the postconviction court overlooked Twar-dokus’s belated appeal, which encompassed all of the cases currently at issue. As noted above, mandate issued in this appeal on February 22, 2008. Therefore, Twardokus’s motion of February 5, 2009, was timely filed.
 
 See Beaty v. State,
 
 684 So.2d 206, 207 (Fla. 2d DCA 1996) (holding that the two-year period for filing a motion for postconviction relief begins to run upon the issuance of mandate).
 

 Accordingly, we reverse the summary denial of Twardokus’s motion. On remand, the postconviction court is instructed to address the motion on the merits.
 

 Reversed and remanded.
 

 KELLY and WALLACE, JJ., Concur.