NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KENNETH G. ROGERS,                          )
                                            )
          Appellant,                        )
                                            )
v.                                          )          Case No. 2D14-503
                                            )
STATE OF FLORIDA,                           )
                                            )
          Appellee.                         )
_____)

Opinion filed September 12, 2014.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; Charles B. Curry, Judge.


PER CURIAM.

         The postconviction court denied Kenneth G. Rogers' motion filed under

Florida Rule of Criminal Procedure 3.850 on the ground that it was untimely.  In the

postconviction court proceedings, the State argued, and the postconviction court

agreed, that the motion filed on March 6, 2013, was untimely because it was filed more

than two years following his sentencing after violation of probation on February 18,

2008.  Rogers did not immediately appeal the 2008 judgments and sentences but later

filed a successful petition for belated appeal within the time limit provided under Florida

Rule of Appellate Procedure 9.141(c)(5).  Although both the State and the

postconviction court were aware that Rogers had filed a successful petition for belated appeal in this court, they overlooked its significance.[1]

Once this court granted Rogers' petition for belated appeal, appellate case number 2D10-4415 was initiated. This court affirmed Rogers' judgments and sentences and issued its mandate on March 7, 2012. The time for Rogers to file a motion under rule 3.850(b) then began to run on the date of this court's mandate. See Twardokus v. State, 69 So. 3d 359, 360 (Fla. 2d DCA 2011). Thus, Rogers' motion was timely filed, and the postconviction court should have reviewed it on the merits.

Reversed and remanded for further proceedings.

NORTHCUTT, MORRIS, and BLACK, Concur.

---

[1]In contrast, "[t]he filing of an unsuccessful petition for belated appeal does not toll the rendition of a judgment and sentence for purposes of calculating the two-year window." Martin v. State, 941 So. 2d 1173, 1173 (Fla. 5th DCA 2006) (citing Jones v. State, 922 So. 2d 1088 (Fla. 4th DCA 2006)).