# Third District Court of Appeal

## State of Florida

Opinion filed January 24, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2642
Lower Tribunal No. 10-19926
_____


**Eric McDade,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Stephen T. Millan, Judge.

Eric McDade, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.


Before SUAREZ, LAGOA and SALTER, JJ.

PER CURIAM.

Defendant/appellant Eric McDade appeals the summary denial of his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850(b), on the grounds that McDade's motion was time-barred.[1]  We reverse and remand for further consideration of the motion, concluding that it was timely under the terms of Rule 3.850.

Rule 3.850(b) provides a two-year period for the filing of a motion for post-conviction relief "after the judgment and sentence become final."  For purposes of that provision, a judgment and sentence become final "when any such direct review proceedings have concluded and jurisdiction to entertain a motion for post-conviction relief returns to the sentencing court."  Mullins v. State, 974 So. 2d 1135, 1137 (Fla. 3d DCA 2008) (quoting Ward v. Dugger, 508 So. 2d 778, 779 (Fla. 1st DCA 1987)).  Where there has been a direct appeal, the judgment and sentence become final upon the issuance of the appellate court's mandate on the direct appeal.  See Beaty v. State, 701 So. 2d 856, 857 (Fla. 1997)  ("[T]he district court of appeal's opinion became final when no petition for rehearing was filed within fifteen days, and the two-year period for filing a motion for post-conviction relief began to run upon the issuance of that court's mandate.").

In the underlying case, McDade's post-conviction motion, filed on August 30, 2016, was not untimely, as it was filed within the two-year period provided by

---

[1] The trial judge relied on an erroneous computation of the applicable time period in the State's response to McDade's motion in the circuit court.

Rule 3.850(b). Specifically, since McDade filed a direct appeal, this Court's affirming mandate, issued on June 5, 2015, triggered the two-year time period for McDade to file a motion under Rule 3.850(b). See Beaty, 701 So. 2d at 857; see also Rogers v. State, 146 So. 3d 1263 (Fla. 2d DCA 2014); Mullins, 974 So. 2d 1135; Jones v. State, 602 So. 2d 606 (Fla. 1st DCA 1992). McDade's post-conviction motion, dated August 30, 2016, was filed well within the Rule's two-year limitation period. Accordingly, the order denying appellant's motion for post-conviction relief is reversed and remanded for consideration of the merits of the allegations.[2]

---

[2] We express no opinion regarding the merits and substance of McDade's motion.