DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

———————————————

FRANKLIN E. TREADWAY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D23-1690

———————————————

December 15, 2023

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Pasco County; Gregory G. Groger, Judge.

Franklin E. Treadway, pro se.

PER CURIAM.

 Franklin Treadway appeals the order dismissing his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850 as untimely and denying his claim of illegal sentence as successive.  We affirm in part and reverse in part.

 Treadway pleaded guilty to three counts of sexual battery on a person twelve years of age or older but younger than eighteen years of age by a person in a position of familial authority and two counts of lewd or lascivious molestation of a person twelve years of age or older but less than sixteen years of age by a person eighteen years of age or older.  The trial court sentenced him to concurrent terms of forty years'

imprisonment on all counts. Treadway appealed and filed a motion under Florida Rule of Criminal Procedure 3.800(b)(2), arguing that his sentences for the second-degree felony of lewd molestation in counts three and five were illegal. The trial court granted his motion and resentenced him on those counts to 399 months' imprisonment. Treadway filed a second rule 3.800(b)(2) motion that the trial court denied. This court affirmed Treadway's judgment and sentences based on *Champagne v. State*, 269 So. 3d 629 (Fla. 2d DCA 2019), but certified conflict with *Gabriel v. State*, 325 So. 3d 96 (Fla. 5th DCA 2019). *Treadway v. State*, 311 So. 3d 93, 93 (Fla. 2d DCA 2020). This court also certified a question of great public importance. *Id.* at 93–94. The mandate issued on March 5, 2021.

Treadway then sought discretionary review of this court's decision in *Treadway* in the Florida Supreme Court. After directing Treadway to show cause why its decision in *State v. Gabriel*, 314 So. 3d 1243 (Fla. 2021) (approving *Champagne* and quashing the Fifth District's decision in *Gabriel*), was not controlling and why the court should not decline to exercise jurisdiction, the supreme court denied Treadway's request for discretionary review by order dated June 18, 2021.

Under the mailbox rule,[1] Treadway filed a motion and amended motion for postconviction relief on March 15 and May 15, 2023. The postconviction court dismissed grounds one, two, three, four, five, and seven as untimely because the motions were filed more than two years after the mandate issued in Treadway's direct appeal. This was error. Because *Treadway* included a "citation effectively establishing a point of law upon which the decision rest[ed]," *The Florida Star v. B.J.F.*, 530 So. 2d 286, 288 (Fla. 1988), and "the citation explicitly note[d] a contrary

---

[1] *See Haag v. State*, 591 So. 2d 614, 617 (Fla. 1992).

2

holding of another district court," *id.* at 288 n.3, the supreme court had jurisdiction to address Treadway's request for discretionary review. Thus, the two-year time limit of rule 3.850 was tolled until the supreme court issued its order denying Treadway's petition on June 18, 2021. *See Mullins v. State*, 974 So. 2d 1135, 1137–38 (Fla. 3d DCA 2008) (citing *Cardali v. State*, 794 So. 2d 719, 721 (Fla. 3d DCA 2001)).  As a result, Treadway had until June 18, 2023, to file a postconviction motion, and his motions were timely.  Accordingly, we reverse and remand with directions to the postconviction court to address grounds one, two, three, four, five, and seven on their merits.  We affirm the postconviction court's denial of ground six without further comment.

Affirmed in part, reversed in part, and remanded.

CASANUEVA, KHOUZAM, and ROTHSTEIN-YOUAKIM, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.