EMAS, J.
 

 Anthony Nottage timely filed an initial motion for postconviction relief pursuant to Florida Rule of Criminal Procedure, 3.850. The trial court entered an order summarily denying the motion. The order simply states:
 

 
 *1232
 
 [T]his Court having reviewed the motion, the State’s response thereto, the court files and records in this case, and being otherwise fully advised in the premises therein, hereby denies Defendant’s Motion for Post Conviction Relief on the following ground: Defendant’s Motion for Post Conviction Relief is legally insufficient and/or refuted by the record.
 

 In
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007) the Supreme Court discussed the differing treatment accorded postconviction claims that are legally insufficient and those claims which, while legally sufficient, are conclusively refuted by the record:
 

 [R]ule 3.850 distinguishes between claims that are facially insufficient and those that are facially sufficient but are also conclusively refuted by the record. A determination of facial sufficiency will rest upon an examination of the face, or contents, of the postconviction motion.
 
 Because the determination of facial sufficiency under rule 3.850 is one of law and involves an evaluation of the legal sufficiency of the claim alleged, the evidence in the record will ordinarily be irrelevant to such an evaluation.
 

 Id.
 
 at 758.
 

 The order in this case denies the motion based upon the alternative findings that the claims were conclusively refuted by the record or that the motion was legally insufficient. To the extent the denial of the motion was based upon the record, the Court failed to attach to its order any portion of the files or record that conclusively show appellant was entitled to no relief.
 
 See
 
 Fla. R. Crim. P. 3.850(d).
 

 To the extent the denial of the motion was based upon the legal insufficiency of the motion, the trial court failed to follow the procedure outlined in
 
 Spera
 
 when determining that an initial motion for postconviction relief is legally insufficient:
 

 [W]hen a defendant’s initial rule 3.850 motion for postconviction relief is determined to be legally insufficient for failure to meet either the rule’s or other pleading requirements, the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion.... [W]e hold that the proper procedure is to strike the motion with leave to amend within a reasonable period. We do not envision that window of opportunity would exceed thirty days and may be less. The striking of further amendments is subject to an abuse of discretion standard that depends on the circumstances of each case. As we did in
 
 Bryant
 
 [v.
 
 State,
 
 901 So.2d 810 (Fla.2005) ] we stress here, too, that “we do not intend to authorize ‘shell motions’those that contain sparse facts and argument and are filed merely to comply with the deadlines, with the intent of filing an amended, more substantive, motion at a later date.”
 
 Bryant,
 
 901 So.2d at 819.
 

 We also stress that our decision is limited to motions deemed facially insufficient to support relief that is, claims that fail to contain required allegations. When trial courts deny relief because the record conclusively refutes the allegations, they need not permit the amendment of pleadings.
 
 [1]
 

 Id.
 
 at 761-62.
 

 We therefore reverse and remand this cause with directions that the trial court either: 1) enter an amended order which
 
 *1233
 
 attaches those portions of the files and record that conclusively establish that appellant is entitled to no relief; or 2) permit appellant an opportunity to amend his motion to state a legally sufficient claim, and for proceedings thereafter consistent with this opinion.
 

 [1]
 

 . Of course, as discussed
 
 supra,
 
 an order which denies relief on this basis must attach the relevant portions of the files or record that conclusively establish a defendant is entitled to no relief. Fla. R. Crim. P. 3.850(d).