RAMIREZ, J.
Olson Pierre appeals from the trial court’s summary denial of his motion for post conviction relief under Florida Rule of Criminal Procedure 3.850. We reverse.
Pierre alleged in his motion that his trial counsel was ineffective for failing to call certain witnesses, who he contends would have supported his theory of an alibi and misidentification. The witnesses testified at a pretrial hearing, but not at trial. The trial court summarily denied Pierre’s motion without holding an evidentiary hearing or addressing the specific portions of the trial court record at issue in Pierre’s motion. This was error.
Rule 3.850(d) outlines a specific procedure for a trial court’s consideration of motions for post conviction relief:
In those instances when the denial is not predicated on the legal insufficiency of the motion on its face, a copy of that portion of the files and records that conclusively shows that the movant is entitled to no relief shall be attached to the order. Unless the motion, files, and records of the case conclusively show that the movant is entitled to no relief, the court shall order the state attorney to file an answer or other pleading.... If the motion has not been denied at a previous stage in the proceedings, the judge, after the answer is filed, shall determine whether an evidentiary hearing is required. If an evidentiary hearing is not required, the judge shall make appropriate disposition of the motion. If an evidentiary hearing is required, the court shall grant a prompt hearing thereon ... determine the issues, and make findings of fact and conclusions of law with respect thereto.
(Emphasis added). Failure to adhere to these requirements is reversible error. See, e.g., Nottage v. State, 61 So.3d 1231, 1232 (Fla. 3d DCA 2011); Langdon v. State, 947 So.2d 460 (Fla. 3d DCA 2006). “A claim that trial counsel failed to investigate or call exculpatory witnesses when facially sufficient must either be refuted by attachments or an evidentiary hearing held.” Ford v. State, 825 So.2d 358, 361 (Fla.2002).
The State concedes Pierre’s motion is facially sufficient in its allegations regarding ineffective assistance of trial counsel, but argues that this Court can nevertheless affirm because of the “tipsy coachman” doctrine, based upon the record as it currently exists. “The key to application of this doctrine of appellate efficiency is that there must have been support for the alternative theory or principle of law in the record before the trial court.” Robertson v. State 829 So.2d 901, 906-07 (Fla.2002). Because of the trial court’s summary disposition, there is no record upon which to examine the trial court’s reasoning and its support for that reasoning, and thus it would be improper to create a record upon which to apply the doctrine.
Moreover, the State’s argument requires that this Court replace the trial court and examine the record in the first instance, which would actually hurt judicial efficiency. In calendar year 2011, this Court addressed 782 post conviction appeals under Florida Rules of Criminal Procedure 3.850, 3.800, and 3.853. If we accept the State’s position, the work of trial courts in these *170 and more cases would shift to this Court. In this case, for example, the merits of Pierre’s motion would require examination of the pretrial hearing transcripts, the trial transcripts, and other elements of the record, in their entirety. When applied to the entirety of this Court’s post conviction appeals, and the potential additional claims that might be made, this additional labor would unfairly and adversely affect other litigants before this Court.
Because the trial court did not comply with the requirements of Rule 3.850, we reverse the summary denial of Pierre’s motion for post conviction relief.
Reversed.