# Third District Court of Appeal

## State of Florida

Opinion filed October 13, 2016.

THIS OPINION IS NOT FINAL UNTIL DISPOSITION OF ANY FURTHER
MOTION FOR REHEARING AND/OR REHEARING EN BANC.  ANY
PREVIOUSLY-FILED MOTION FOR REHEARING EN BANC IS DEEMED
MOOT.

————————————

No. 3D16-972
Lower Tribunal No. 10-27158 C

————————————

**Gerson Juarez,**

Appellant,

vs.

**The State of Florida,**

Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the
Circuit Court for Miami-Dade County, Teresa Mary Pooler, Judge.

Gerson Juarez, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.


Before SUAREZ, C.J., and ROTHENBERG and FERNANDEZ, JJ.

ON MOTION FOR REHEARING and WRITTEN OPINION

SUAREZ, C.J.

We grant Gerson Juarez's motion for rehearing of the opinion issued July

13, 2016, and for written opinion.  We withdraw our prior opinion and substitute

the following opinion in its stead.

On appeal from a summary denial of a petition for post-conviction relief, Juarez argues that he was entitled to an opportunity to amend his 3.850 petition after the trial court denied it for legal insufficiency. We agree. See Fla. R. Crim. P. 3.850(f)(2) (providing that "[i]f the motion is insufficient on its face, and the motion is timely filed under this rule, the court shall enter a non-final, non-appealable order allowing the defendant 60 days to amend the motion. If the amended motion is still insufficient or if the defendant fails to file an amended motion within the time allowed for such amendment, the court, in its discretion, may permit the defendant an additional opportunity to amend the motion or may enter a final, appealable order summarily denying the motion with prejudice"). The trial court summarily denied Juarez's 3.850 petition without any explanation of which of the several issues raised were insufficient and for what reasons, and failed to attach any documents that would conclusively show legal insufficiency or no entitlement to relief. Juarez moved on rehearing to be allowed to amend pursuant to rule 3.850(f)(2), but the trial court summarily denied that as well.

To the extent the denial of the motion was based upon the legal insufficiency of the motion, the trial court failed to follow the procedure outlined in Spera v. State, 971 So. 2d 754 (Fla. 2007) when determining that an initial motion for post-conviction relief is legally insufficient. To the extent the denial of the motion was based upon the record, the court failed to attach to its order any portion of the files

or record that conclusively shows appellant was not entitled to relief. <u>See</u> Fla. R. Crim. P. 3.850(d). The trial court erred by denying the defendant sixty days to amend pursuant to the rule.

We therefore reverse and remand with directions that the trial court either: 1) enter an amended order that attaches those portions of the files and record that conclusively establish that appellant is entitled to no relief; or 2) permit appellant an opportunity to amend his motion to state legally sufficient claims, and for proceedings thereafter consistent with this opinion. <u>Spera v. State</u>, 971 So. 2d 754 (Fla. 2007); <u>Belanger v. State</u>, 146 So. 3d 136 (Fla. 3d DCA 2014); <u>Nottage v. State</u>, 61 So. 3d 1231, 1232-33 (Fla. 3d DCA 2011).