# Third District Court of Appeal

## State of Florida

Opinion filed July 19, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-546
Lower Tribunal No. 07-17556
_____

**Marhlau Belizaire,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Stacy D. Glick, Judge.

Marhlau Belizaire, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before LOGUE, SCALES, and LINDSEY, JJ.

LOGUE, J.

Appellant seeks review of the summary denial of his second petition for habeas corpus filed November 9, 2016, and his second motion to correct illegal

sentence filed December 2, 2016. We affirm the denial of the second motion to correct illegal sentence for the reasons stated by the trial court. However, we reverse the denial of the petition for habeas corpus.

The trial court properly treated the petition as a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. The court then held the motion was untimely because it was filed outside the two-year limit for filing such motions established by Rule 3.850(b). In doing so, the trial court miscalculated the dates. While this court affirmed Appellant's judgment and sentence on October 8, 2014, as indicated by the trial court, that ruling did not become final until the mandate was issued on November 3, 2014. Beaty v. State, 701 So. 2d 856, 857 (Fla. 1997) ("[T]he two-year period for filing a motion for postconviction relief began to run upon the issuance of that court's mandate."). The Appellant's motion filed on November 2, 2014, was therefore timely.

The order under review mentions other grounds as bases for denial. We do not address the other grounds because the required portions of the record were not attached. See Fla. R. Crim. P. 3.850(f)(5). See also Juarez v. State, 215 So. 3d 89, 90 (Fla. 3d DCA 2016); Nottage v. State, 61 So. 3d 1231, 1232-33 (Fla. 3d DCA 2011).

On remand, the trial court may either summarily deny the motion and attach to its order those portions of the record which conclusively show that appellant is

2

entitled to no relief, or hold an evidentiary hearing and then rule on the allegations.

<u>Id</u>.

Reversed and remanded.