# Third District Court of Appeal

## State of Florida

Opinion filed December 2, 2020.

_____

Nos. 3D20-1261 & 3D20-1276
Lower Tribunal No. 16-9652

_____

**Frank Jerome Evans,**
Appellant,

vs.

**The State of Florida,**
Appellee.

Appeals under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Teresa Mary Pooler, and Alberto Milian, Judges.

Frank Jerome Evans, in proper person.

Ashley Moody, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before SCALES, HENDON, and MILLER, JJ.

MILLER, J.

*UPON CONFESSION OF ERROR*

After his conviction and sentence for aggravated battery became final, appellant, Frank Jerome Evans, filed a motion for postconviction relief alleging a myriad of claims, including ineffective assistance of trial counsel. See Evans v. State, 255 So. 3d 308 (Fla. 3d DCA 2018); Fla. R. Crim. P. 3.850. While the motion remained pending, Evans timely sought to amend, asserting two new claims. See Fla. R. Crim. P. 3.850(e) ("A motion may . . . be amended at any time prior to either the entry of an order disposing of the motion or the entry of an order pursuant to subdivision (f)(5) or directing that an answer to the motion be filed pursuant to (f)(6), whichever occurs first."). Citing facial insufficiency, the court denied the original motion, along with the motion for leave to amend and a subsequent motion for rehearing, by way of separate orders.

Upon the State's proper and commendable confession of error, along with our own independent review of the record, we discern error in the failure below to adhere to "the procedure outlined in Spera v. State, 971 So. 2d 754 (Fla. 2007) when determining that an initial motion for post-conviction relief is legally insufficient." Juarez v. State, 215 So. 3d 89, 90 (Fla. 3d DCA 2016). Under Florida Rule of Criminal Procedure 3.850(f)(2), "[i]f the motion is insufficient on its face, and the motion is timely filed under this rule, the court shall enter a nonfinal, nonappealable order allowing the defendant [sixty] days to amend the motion."

Here, the summary denial of relief, without granting leave to amend, constituted an abuse of discretion. See Spera, 971 So. 2d at 761 ("[W]hen a defendant's initial rule 3.850 motion for postconviction relief is determined to be legally insufficient for failure to meet either the rule's or other pleading requirements, the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion."). Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.