DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**IBRAHEEM S. JACKSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-0126

[November 27, 2024]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin S. Fein, Judge; L.T. Case No. 15006443CF10A.

Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Heidi L. Bettendorf, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

The defendant appeals an order denying his motion for post-conviction relief filed under Florida Rule of Criminal Procedure 3.850. He argues the trial court erred in summarily denying his motion on multiple claims without an evidentiary hearing or without attaching portions of the record conclusively refuting his claims. We agree with him in part. We reverse and remand.

The defendant raised fifteen claims in his rule 3.850 motion. The court summarily denied all claims except claim nine. The court subsequently held an evidentiary hearing on claim nine. At that time, the State provided the entire trial transcript and other testimony to refute the claim. The trial court denied claim nine. The defendant appeals this order and the prior order that summarily denied the other claims.

The defendant argues the trial court erred in summarily denying fourteen of the fifteen claims without attaching portions of the record conclusively refuting those claims. The State responds that testimony

from the evidentiary hearing and the trial transcript support the court's denial of the claims. The problem is that those records were not before the trial court when it summarily denied the claims and only became part of the record nearly a year later during the evidentiary hearing. *See* Fla. R. Crim. P. 3.850(f)(4) ("The files and records in the case are the documents and exhibits previously filed in the case and those portions of the other proceedings in the case that can be transcribed.").

We follow the Third District's decision in *Pierre v. State*, 79 So. 3d 168 (Fla. 3d DCA 2012). There, like here, the trial court lacked a sufficient record to support its summary denial of the defendant's post-conviction claims. There, like here, the State argued the Third District should affirm by reviewing the current record and relying on the tipsy coachman rule.

> The State . . . argues that this Court can nevertheless affirm because of the "tipsy coachman" doctrine, based upon the record as it currently exists. . . .
>
> [T]he State's argument requires that this Court replace the trial court and examine the record in the first instance, which would actually hurt judicial efficiency. . . . If we accept the State's position, the work of trial courts in these and more cases would shift to this Court. . . . When applied to the entirety of this Court's post conviction appeals, and the potential additional claims that might be made, this additional labor would unfairly and adversely affect other litigants before this Court.

*Pierre*, 79 So. 3d at 169-70.

We agree with the Third District's reasoning and will allow the circuit court to do the work in the first instance. We affirm the denial of claims three, four, nine, ten, thirteen, fourteen, and fifteen because they are legally insufficient or their denial is supported by this record. We also affirm the denial of claim seven by taking judicial notice of our own records as this court has discretion to do, particularly when a litigant has previously raised a similar claim as in this case. However, we reverse the summary denial of claims one, two, five, six, eight, eleven and twelve, and remand the case to the trial court for further consideration consistent with this decision.

*Reversed and remanded.*

KLINGENSMITH, C.J., and MAY and KUNTZ, JJ., concur.

\*         \*         \*

*Not final until disposition of timely filed motion for rehearing.*